<mark>Case 5:17-cv-00403-JLS   Document 1   Filed 01/27/17   Page 1 of 7</mark>

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAN SCHANTZ FARM & GREENHOUSES, LLC

### DEFENDANTS
DAVID J. CATANZARO

**(b)** County of Residence of First Listed Plaintiff: **LEHIGH**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **LACKAWANNA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
FITZPATRICK LENTZ & BUBBA, PC
4001 Schoolhouse Lane, Center Valley, PA 18034 (610)797-9000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT

**CONTRACT**: 110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excludes Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**REAL PROPERTY**: 210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**TORTS – PERSONAL INJURY**: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury; 362 Personal Injury - Medical Malpractice

**TORTS – PERSONAL INJURY**: 365 Personal Injury - Product Liability; 367 Health Care/Pharmaceutical Personal Injury Product Liability; 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**CIVIL RIGHTS**: 440 Other Civil Rights; 441 Voting; 442 Employment; 443 Housing/Accommodations; 445 Amer. w/Disabilities - Employment; 446 Amer. w/Disabilities - Other; 448 Education

**PRISONER PETITIONS – Habeas Corpus**: 463 Alien Detainee; 510 Motions to Vacate Sentence; 530 General; 535 Death Penalty; **Other**: 540 Mandamus & Other; 550 Civil Rights; 555 Prison Condition; 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**: 625 Drug Related Seizure of Property 21 USC 881; 690 Other

**LABOR**: 710 Fair Labor Standards Act; 720 Labor/Management Relations; 740 Railway Labor Act; 751 Family and Medical Leave Act; 790 Other Labor Litigation; 791 Employee Retirement Income Security Act

**IMMIGRATION**: 462 Naturalization Application; 465 Other Immigration Actions

**BANKRUPTCY**: 422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: 820 Copyrights; [x] 830 Patent; 840 Trademark

**SOCIAL SECURITY**: 861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant); 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**: 375 False Claims Act; 376 Qui Tam (31 USC 3729(a)); 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; 480 Consumer Credit; 490 Cable/Sat TV; 850 Securities/Commodities/Exchange; 890 Other Statutory Actions; 891 Agricultural Acts; 893 Environmental Matters; 895 Freedom of Information Act; 896 Arbitration; 899 Administrative Procedure Act/Review or Appeal of Agency Decision; 950 Constitutionality of State Statutes

## V. ORIGIN
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**28 U.S.C. §§ 2201, 2202**
Brief description of cause:
Declaratory Judgment of Patent Invalidity, Non-Infringement and Unenforceability

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: 01/27/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAN SCHANTZ FARM & GREENHOUSES, LLC, | : : : | Docket No. |
| Plaintiff, | : : | |
| v. | : : | **JURY DEMAND** |
| David J. Catanzaro, | : : | |
| Defendant | : : : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Dan Schantz Farm & Greenhouses, LLC ("DSF&G" or "Plaintiff"), by its attorneys, Fitzpatrick Lentz & Bubba, P.C., files the instant Complaint against the Defendant, David J. Catanzaro ("Catanzaro" or "Defendant") for, *inter alia*, declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and, in support thereof, avers as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. DSF&G seeks declaratory judgment that the claims of U.S Patent 7,653,959 ("the '959 Patent") are not infringed by DSF&G and/or are invalid under one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and 112. An actual controversy over the infringement, validity and enforceability of the '959 Patent exists between DSF&G and Catanzaro, as evidenced by the allegations of Catanzaro detailed below.

## THE PARTIES

2. Plaintiff Dan Schantz Farm & Greenhouses, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 8025 Spinnerstown Road, Zionsville, Pennsylvania 18092.

3. On information and belief, Defendant David J. Catanzaro is an individual residing in the Commonwealth of Pennsylvania at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407.

## JURISDICTION AND VENUE

4. Plaintiff's claims arise under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Catanzaro because Catanzaro is domiciled in the Commonwealth of Pennsylvania.

6. This Court further has personal jurisdiction over Catanzaro because Catanzaro has conducted business in the Commonwealth of Pennsylvania by systematically and continuously availing himself of the federal district courts of the Commonwealth to exploit the '959 patent.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## CONTROVERSY BETWEEN THE PARTIES

8. An actual and justiciable controversy exists between DSF&G and Catanzaro as to whether the claims of the '959 Patent, attached hereto as **Exhibit A**, are infringed by DSF&G, whether the '959 Patent is invalid, and whether the '959 Patent is enforceable.

9. On January 11, 2017, a man contacted DSF&G by telephone and stated that DSF&G was infringing a patent that the man owned.

10. The caller identified himself as "David." The caller refused to provide additional personally identifying information or to identify the patent alleged to be infringed.

11. The caller identified the accused products as the 2 Qt. Poinsettia Santa and 2 Qt. Poinsettia Elf products shown here:



12. The caller stated that in exchange for execution by DSF&G of a "Litigation Standstill Agreement" ("LSA"), the caller would disclose "all pertinent information" in connection with the allegation of patent infringement.

13. On January 13, 2017, "David" sent an email to DSF&G from davemts1213@gmail.com, further identifying the sender as "David Joseph," and attaching the proposed "LSA." The LSA contemplates a 30-day discussion period between the parties and agreements not to sue or otherwise seek declaration of invalidity of the patent during such period.

14. On January 18, 2017, counsel for DSF&G received a telephone call from a man identifying himself as "Dave." The caller stated that he had previously filed suit for infringement of his patent and had entered into numerous license agreements as a result thereof.

15. Searches of publicly available information reveal that Defendant Catanzaro has filed numerous suits for infringement of U.S. Patent No. 7,653,959 ("the '959 Patent"). See **Exhibit B**.

16. Searches of publicly available information reveal that Defendant Catanzaro has contacted other parties to allege infringement of the '959 patent, refusing to provide full information regarding his identity or the identity of the patent and demanding execution of a "litigation standstill agreement" contemplating a 30-day discussion and non-suit period. See **Exhibit C** at ¶¶ 13-14.

17. Exhibit B to **Exhibit C** further identifies Defendant Catanzaro as David Joseph Catanzaro and refers to "a few settlement/licensing agreements I have already obtained."

18. On information and belief, Defendant David J. Catanzaro is the caller, "David."

## COUNT I
(Declaratory Judgment of Non-Infringement)

19. Plaintiff incorporates by reference Paragraphs 1-18, above, as if fully set forth herein.

20. DSF&G has not infringed, nor is it infringing, directly or indirectly, any claim of the '959 Patent.

## COUNT II
(Declaratory Judgment of Invalidity)

21. Plaintiff incorporates by reference Paragraphs 1-20, above, as if fully set forth herein.

22. Each claim of the '959 Patent is invalid and unenforceable for failure to satisfy the requirements for patentability under Title 35 of the United States Code, including the respective provisions of §§ 102, 103, and 112.

23. Without limiting the allegations of this Complaint, each claim of the '959 patent is invalid and unenforceable in view of the prior art shown in **Exhibit D**, hereto:

   a. One or more claims of the '959 Patent is invalid and unenforceable as anticipated or obvious in view of *Bowl with Human Feet*, produced ca. 3900–3650 B.C.

   b. One or more claims of the '959 Patent is invalid and unenforceable as anticipated or obvious in view of *Grimace*, produced ca. 1985.

   c. One or more claims of the '959 Patent is invalid and unenforceable as anticipated or obvious in view of Kellogg Company bowls and cups, produced ca. 1981.

   d. One or more claims of the '959 Patent is invalid and unenforceable as anticipated or obvious in view of Milton Bradley *Bash*, produced ca. 1965.

   e. One or more claims of the '959 Patent is invalid and unenforceable as anticipated or obvious in view of Carlton Walking Ware, produced ca. 1980.

## COUNT III
(Declaratory Judgment of Unenforceability)

24. Plaintiff incorporates by reference Paragraphs 1-23, above, as if fully set forth herein.

25. A search of the publicly available file history for the '959 Patent reveals that Catanzaro filed a Terminal Disclaimer dated August 27, 2001, to obviate a double patenting rejection over U.S. Patent No. 6,026,532 (the "'532 Patent"). In the Terminal Disclaimer, Catanzaro agreed "that any patent so granted on the instant application shall be enforceable only for and during such period that it and the prior patent are commonly owned." The application 09/505,791, to which the Terminal Disclaimer applies, issued as the '959 Patent on February 2, 2010. A copy of the Terminal Disclaimer is attached hereto as **Exhibit E**.

26. A search of the U.S. Patent and Trademark Office's assignment database reveals that Catanzaro assigned his entire interest in the '532 Patent to Church & Dwight Co., Inc. by way of an assignment executed on February 28, 2011 and recorded June 9, 2011. A copy of the recorded assignment is attached hereto as **Exhibit F**.

27. The '959 Patent has, at no time, been assigned to Church & Dwight Co., Inc.

28. As of February 28, 2011, the '959 Patent no longer maintained common ownership with the '532 Patent.

29. The '959 Patent expired on February 28, 2011.

30. The '959 Patent cannot be revived or reactivated by later assignments.

## PRAYER FOR RELIEF

WHEREFORE, DSF&G prays for the following relief:

A. A declaration that DSF&G has not infringed, either directly or indirectly, any valid and enforceable claim of the '959 Patent;

B. A declaration that the '959 Patent is invalid;

C. A declaration that the '959 Patent is unenforceable;

D. Enjoin Catanzaro and his representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the '959 patent against DSF&G or anyone in privity with DSF&G;

E. An order declaring that DSF&G is a prevailing party and that this is an exceptional case, awarding DSF&G its costs, expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285, recent precedent promulgated by the United States Supreme Court in *Octane Fitness*, and all other statues, rules and common law;

F. That Catanzaro be ordered to pay all costs associated with this action; and

G. That DSF&G be granted such other and additional relief as the Court deems just and proper.

## JURY DEMAND

31. DSF&G hereby demands a trial by jury on all issues triable of right by jury.

FITZPATRICK LENTZ & BUBBA, P.C.

Date: 1/27/2017

BY: _____
Douglas Panzer
PA Bar I.D. #203354
Attorney for Plaintiff
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000