IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAN SCHANTZ FARM & GREENHOUSES, LLC, | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 5:2017-cv-00403 |
| DAVID J. CATANZARO | THE HONORABLE JEFFREY L. SCHMEHL |
| Defendant | |

## MOTION FOR DISCIPLINARY ACTION

AND NOW COMES, David J. Catanzaro pro se Defendant and files this Motion for Disciplinary
Action against Plaintiff's attorney and in support thereof avers as follows:

## RELEVANT FACTS

1. Defendant contacted Plaintiff by phone on of 1-11-17, and only provided his first name
along with a limited conversation focused on the fact that Plaintiff was selling 'Decorative
Planter' products that Defendant believed had similarities to a patent or patent application in
possession by Defendant.

2. Further during the conversation of 1-11-17, Defendant stated that he had absolutely no
intention in filing any lawsuit associated with this matter and that Defendant wanted both
Defendant and Plaintiff enter into a draft litigation standstill agreement (attached as **Exhibit A**)
to discuss the full merits of the matter.

3. On 1-18-17 Defendant received an email with an attached letter from Plaintiff's Attorney Douglas Panzaer (**Exhibit C**).

4. Among other factual statements made within the 1-18-17 letter, Mr. Panzaer therein states:

   *"Due to the intentional omissions of material information in your telephone call, email and the proposed Litigation Standstill Agreement, they fail to provide any legal notice to DSFG of a colorable claim."*

5. On 1-18-17 after Defendant reviewed the above noted letter, Defendant called Plaintiff's attorney Douglas Panzaer to open a dialog and to further discuss the matter.

6. Further during the conversation of 1-18-17 Plaintiff's attorney Douglas Panzer agreed, promised and reassured Defendant that if Defendant provided at a minimum, his full legal name prior to Plaintiff signing said agreement(which Defendant agreed to provide), he (Douglas Panzer) would recommend to his client to enter into the Litigation Standstill Agreement and provide Defendant with a communication confirming his client's approval or response.

7. An agreement or covenant of understanding was reached between Defendant and Plaintiff's attorney Douglas Panzer during the conversation of 1-18-17 when attorney Panzer agreed, promised and reassured Defendant that he would recommend to his client (the Plaintiff), to enter into the Litigation Standstill Agreement and respond back to Defendant with respect to his clients response to entering into said agreement. In return, Defendant would disclose his full legal name prior to Plaintiff signing said agreement. After the agreement was signed, Defendant then would fully disclose all pertinent information regarding the matter with the goal of Defendant and Plaintiff reaching a resolution without having any legal entanglements.

8. **Exhibit E** contains several email correspondences between Defendant and Plaintiff's attorney Douglas Panzer which clearly supports the agreement or covenant of understanding between the parties as outlined in point 7 above.

9. In **Exhibit E** an email was sent to Defendant by Plaintiff's attorney Douglas Panzer dated 1-25-17, which is the final email Mr. Panzer sent to Defendant prior to Plaintiff filing this action, wherein Mr. Panzar states:

*"As you may know, Dan Schantz had a serious fire this month that caused damage and disruption. I will have a substantive response for you as soon as possible."*

10. Within two days after the above stated email was sent to Defendant, Plaintiff's attorney Douglas Panzer filed this instant action and provided NO prior response as defined in his email dated 1-25-17 and he further failed to respond to Defendant's emails of 1-30-17 & 2-1-17.

11. When Defendant found out through the internet that Plaintiff's attorney Douglas Panzer filed this instant action, Defendant was more than outraged.

12. Defendant immediately called Plaintiff's attorney Douglas Panzer late in the afternoon of 2-1-17 and expressed to him that he is an officer of the court and his blatant lies about moving forward with the Litigation Standstill Agreement and getting back to Defendant with respect to his client entering into said agreement, while all along preparing and filling this action, constitutes a very strong showing of 'Bad Faith' which is completely adverse with the Rules of Professional Conduct and Rules of Civility.

13. Further during the conversation of 2-1-17 Plaintiff's attorney Douglas Panzer stated that he had to be first to file the lawsuit in the Eastern District because of his duty to his client. Mr.

Parizer went on to say that: "There are many advantages in being the Plaintiff."

14. Defendant followed up with an email of 2-2-17 recapping the conversation of 2-1-17

sending it directly to his client (the Plaintiff) and to Mr. Panzer (refer to **Exhibit F**).

(It should be noted that Defendant has not yet made any statements to the press regarding this lawsuit as stated in
Defendants letter of 2-2-17. Furthermore, Defendant has not filed a disciplinary action with the disciplinary board,
but rather has filed this Motion for discipline with this honorable court. Lastly, the last paragraph of Defendants
letter of 2-2-17 is governed under FRE 408 and as a result, was redacted from the communication.)

## **GROUNDS FOR DISCIPLINARY ACTION**

An agreement or covenant of understanding was reached between the Defendant and

Plaintiff's attorney Douglas Panzer during the conversation of 1-18-17 when attorney Panzer

agreed, promised and reassured Defendant  that he would recommend to his client (the Plaintiff),

to enter into the Litigation Standstill Agreement and respond back to Defendant with respect to

his clients response to entering into said agreement. In return, Defendant would disclose his full

legal name prior to Plaintiff signing said agreement. After the agreement was signed, Defendant

then would fully disclose all pertinent information regarding the matter with the goal of

Defendant and Plaintiff reaching a resolution without having any legal entanglements.

Mr. Panzer is an officer of the court and has blatantly lied about moving forward with the

Litigation Standstill Agreement and getting back to Defendant with respect to his client entering

into said agreement while all along preparing and filling this action. Mr. Panzer's 'intent to

deceive behavior' constitutes a very strong showing of 'Bad Faith' which is completely adverse

with the Rules of Professional Conduct and Rules of Civility. As an officer of the court, Mr.

Panzer has also demonstrated complete contempt toward Defendant as a result of his malicious,

grossly reckless actions and conduct. (Defendant again refers to the emails in **Exhibit E** and

**Exhibit F** to support the oral agreement or covenant of understanding between the parties.)

Attorney Douglas Panzer has clearly stated that there is No Colorable Claim or Controversy as denoted within his letter of 1-18-17 (**Exhibit C**). Since Defendant has not supplied any information to Plaintiff at the time of this filling that would rise to a Colorable Claim or Controversy, the filing of this action should be viewed as frivolous and in step with the Bad Faith actions taken by Attorney Douglas Panzer, all in an effort to get his client first to the court house to establish home town Jurisdiction and Venue all in an effort to 'unfairly disadvantage' the Defendant. Defendant again reiterates that during a conversation of 2-2-17, Plaintiff's attorney Douglas Panzer stated that he had to be first to file the lawsuit (in the Eastern District) because of his duty to his client. Mr. Parizer went on to say that: "There are many advantages in being the Plaintiff."

Along with having a Duty to his client (the Plaintiff) attorney Douglas Panzer had a Duty to the Defendant which, as already stated, was made during a conversation on 1-18-17, when Mr. Panzer agreed, promised and reassured Defendant that he would recommend to his client to enter into the Litigation Standstill Agreement and then respond back to Defendant with respect to his clients response thereof. When attorney Douglas Panzer filed this action without ever following up with Defendant he clearly breached his duty as defined above.

WHEREFORE, Defendant respectfully request this honorable court to apply discipline to Plaintiff's attorney Douglas Panzer.

Respectfully submitted,                          Dated: March 16, 2017

*s/ David J. Catanzaro*
David J. Catanzaro
Defendent *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 282-4889
E-mail: davidjosephus@aol.com

## CERTIFICATE OF NONCONCURRENCE

I, David J Catanzaro, contacted Plaintiff's attorney Douglas Panzer by email and provided him

with this Motion and he has stated that he does not concur.

*s/ David J. Catanzaro*
David J. Catanzaro

## CERTIFICATE OF SERVICE

I, David Catanzaro, hereby certify that a true and correct copy of the forgoing Motion for

Disciplinary Action was sent by First Class Mail to the United States District Court for the

Eastern District of Pennsylvania and served via First Class Mail upon Plaintiff this 16th day of

March 2017 to the following person:

DAN SCHANTZ FARM &
GREENHOUSES, LLC
c/o DOUGLAS PANZER
FITZPATRICK LENTZ & BUBBA
4001 Schoolhouse Lane
Center Valley, PA 18034

*s/ David J. Catanzaro*
David J. Catanzaro

# Exhibit A

## LITIGATION STANDSTILL AGREEMENT

        This Litigation Standstill Agreement ("Agreement") is entered into and effective as of January 13, 2017 ("Effective Date") by and between Dan Schantz Farm & Greenhouses, LLC ("DSFG"), having a principle place of business at 8025 Spinnerstown Road, Zionsville, PA 18092 and _____, Patent Owner ("Owner") having a principle place of business at _____ (hereinafter sometimes individually referred to as "Party" and collectively referred to as the "Parties").

### Recitals

        A.    Whereas Owner has evidence that Owner asserts establishes that DSFG infringed his patent (patent no. _____, the "Patent") with one or more products;

        B.    Whereas DSFG denies infringing Owner's patent

        C.    Whereas Owner and DSFG desire to have full and frank discussions regarding Owner's claim prior to the commencement of patent infringement litigation to avoid such litigation if possible ("Discussions");

        D.    Whereas Owner and DSFG desire to preserve the litigation *status quo* for a short period of time to enable such Discussions;

### Now therefore the Parties agree as follows:

        1.    In consideration for the mutual promises set forth herein, Owner and DSFG agree to a discussion period from the Effective Date of this Agreement through and including March 13, 2017 ("Discussion Period").

        2.    DSFG agrees that it will not file any action against Owner's Patent or file any lawsuit against Owner for declaratory relief or otherwise until fourteen (14) calendar days after the expiration of the Discussion Period.

        3.    Owner in consideration for DSFG agreeing to the Discussion Period, agrees that Owner will not file any lawsuit against DSFG for patent infringement or otherwise until seven (7) calendar days after the expiration of the Discussion Period.

        4.    The Parties agree that the making of this Agreement shall not be used by either party for purposes of establishing venue or jurisdiction in the event the Parties are unable to resolve their differences without litigation.

        5.    DSFG agrees that during the Discussion Period, and prior to any active lawsuit, it will not disclose the Patent, the Patent number, licenses and the name of Owner/inventor to any third party, other than its financial and legal advisors.

7.     The Parties hereby agree that this Agreement shall constitute, for the Party breaching this Agreement, a Stipulation for Dismissal Without Prejudice for any action filed in violation of this Agreement.

8.     This Agreement shall be governed by Pennsylvania law without regard to its conflict of law principles.

9.     This Agreement shall constitute the entire understanding between the Parties and supersede, according to their terms, all prior-understandings, whether oral or written, of the Parties hereto relating to the subject matter herein and cannot be changed or terminated orally.

10.     The Parties shall execute any such other documents as may be reasonably required or as may reasonably be necessary to effectuate any other requirement or agreement herein.

11.     This Agreement may be executed in several counterparts, each of which shall be deemed an original.

12.     Execution of this Agreement may be effected by facsimile, pdf or other electronic transmission.

Dan Schantz Farm & Greenhouses, LLC:

Signature:_____     Date: _____

Printed Name:_____

Title:_____

Patent Owner

Signature:_____     Date: _____

Printed Name:_____

2 of 2

# Exhibit C



FITZPATRICK LENTZ & BUBBA

ATTORNEYS AT LAW

January 18, 2017
Page 2

3) Identify, with particularity, the claims you allege to be infringed and the corresponding elements of such product, which you allege constitute infringement;

4) Identify the true party in interest of your alleged claims; and

5) Specify your relationship to the true party in interest.

Absent the above information, DSFG does not have proper legal notice of any claim of infringement or a reasonable ability to evaluate your statements, claims, or proposal. Unless we receive this information by Friday, January 27, 2017, we will consider this matter closed.

Very truly yours,

Douglas Panzer

# Exhibit E

 **Gmail**

David mts <davemts1213@gmail.com>

---

## Dan Schantz Farm & Greenhouses, LLC

**David mts <davemts1213@gmail.com>**             Mon, Jan 23, 2017 at 11:29 AM
To: Douglas Panzer <dpanzer@flblaw.com>

Douglas,

Several days have passed since our phone communication, at this time has your client reconsidered moving forward with the standstill agreement?

Thanks,
David
[Quoted text hidden]

 **Gmail**

David mts <davemts1213@gmail.com>

---

## Dan Schantz Farm & Greenhouses, LLC

---

**Douglas Panzer** <dpanzer@flblaw.com>
To: David mts <davemts1213@gmail.com>

Mon, Jan 23, 2017 at 12:23 PM

We are discussing the matter and will be back to you shortly.


**From:** David mts [mailto:davemts1213@gmail.com]
**Sent:** Monday, January 23, 2017 11:30 AM
**To:** Douglas Panzer <dpanzer@flblaw.com>
**Subject:** Fwd: Dan Schantz Farm & Greenhouses, LLC

[Quoted text hidden]
[Quoted text hidden]

 Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**David mts** <davemts1213@gmail.com>
To: Douglas Panzer <dpanzer@flblaw.com>

Wed, Jan 25, 2017 at 11:51 AM

Douglas,

Please provide me with an update today.

Thanks,
David
[Quoted text hidden]

 Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**Douglas Panzer** <dpanzer@flblaw.com>
To: David mts <davemts1213@gmail.com>

Wed, Jan 25, 2017 at 6:01 PM

As you may know, Dan Schantz had a serious fire earlier this month that caused major damage and disruption. I will have a substantive response for you as soon as possible.

**From:** David mts [mailto:davemts1213@gmail.com]
**Sent:** Wednesday, January 25, 2017 11:51 AM
**To:** Douglas Panzer <dpanzer@flblaw.com>

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

 Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**David mts** <davemts1213@gmail.com>
To: Douglas Panzer <dpanzer@flblaw.com>

Mon, Jan 30, 2017 at 2:26 PM

Douglas,

Per the phone message I recently left.

I was not aware of the Fire.

As far as I understand from our conversation, you are making the decision as to weather or not your client will be signing the stand still agreement along with reviewing the materials and providing your recommendation.

Please let me know what time you are available to speak today.

Thanks,
David

[Quoted text hidden]

# Exhibit F

 Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC v. Catanzaro - Expiration of Unassigned Patent

David mts <davemts1213@gmail.com>
To: Douglas Panzer <dpanzer@flblaw.com>
Cc: Dan Schantz Farm <info@danschantz.com>

Thu, Feb 2, 2017 at 3:39 PM

Mr. Panzer,

I cannot tell you how upset, angry and disheartening I still am to find out that you on behalf of you client filed a DR action against me when I failed to provide any legal notice to your client of a colorable claim as stated in your letter of 1/18/17. NO oral or written controversy (as defined by law) existed between me or your client at the time you filed the DR action or thereafter. Also, what further enraged me is that from our phone conversation of 1.18.17 I was of the belief that there was a a good faith understanding between us that you would be providing a further answer per your client entering into the standstill agreement and I would in return provide you with my full name and any other reasonable consideration to move forward with the standstill agreement. Being an officer of the court, you blatantly lied and filed the DR action continuing to "Play me" as you sent me emails stating the Fire your client sustained was the reason for the delay reconnecting with me. The clear representations you made on the 18th over the phone are affirmed within your email responses. Your emails and letter will be apart of my response to the court. Your letter is clear and correct, but your follow up emails will support your true intention to deceive which is adverse to the Rules of Professional Conduct and Rules of Civility. To further show your lack of integrity, on 2/1/17 I called you after seeing the filed DR action online and I stated among other things, that "you really tried to got one over on me...you're the man" and your response in a most proud underhanded tone was: "I am the man."

If we cannot resolve this matter prior to me answering the complaint, I will be asking the court to dismiss the action based on the fact that Personnel Jurisdiction is not proper and Declaratory Judgment Jurisdiction is not proper. The bad faith you displayed as an officer of the court will further support my position. I will also be filling a disciplinary action with the disciplinary board regarding your False Representations along with the option of publishing it. (I have previously brought a disciplinary action against an attorney representing my mother and that attorney hired a firm to represent him in the matter but he ended up receiving discipline. From that experience, I have established direct contact with one of the boards head case attorneys. (I will provide you with a letter denoting the discipline that attorney received if you like.)

1. I never stated how any product of your client infringed on any identified patent

2. I never identified any patent that your client was infringing.

3. I never asked for a licensing fee for any identified patent

4. I never stated that a lawsuit would be filed identifying a specific US patent.

5. I never identified who I was.

6. Your letter of 1/18/17 clearly states that I failed to provide any legal notice to your client of a colorable claim

Your client has not endured any of the following to substantiate a Controversy:

1. The plaintiff must have suffered an injury in fact.

2. There must be a causal connection between the injury and the defendant's conduct complained of.

3. It must be "likely" that the injury would be redressed by a favorable decision.

Because of your deception and lies and your clients willingness to go along with it, I must consider releasing a press release and or taking out a page in a paper in your area about your client and how you went about representing them in this matter. I may also visit local news or radio stations to inform viewers in your area about my story and how to avoid patent traps such as Declaratory relief actions. I'm sure with the advent of the show shark tank people in your area would love to learn how a Christian PA native with a high school diploma married with three little girls was able to license with many international companies.

The PR release and newspaper write up may contain the following:

1. The head line may read:

Several Weeks after major fire, Don Schantz Farm & Greenhouses, refuses olive branch extended by Christian Inventor and prefers litigation.

2. Douglas Panzer of Fitzpatrick Lentz & Bubba, P.C. agrees to open a dialog with christian inventor, makes promises in good faith to continue to communicate with him, but them immediately files suit against him. "Douglas Panzer acted in such a low manner of morality, he actually used the fire Don Schantz Farm & Greenhouses sustained in January as an excuse to delay responding to me so he could, at the same time file suit against me."

3. The website of Dan Schantz Farm & Greenhouses, LLC claims to be *"dedicated to providing a safe Christian environment for all employees with morality and honesty as the framework for all present and future plans."*

By allowing and condoning the immorality of Douglas Panzer and his blatant lies, Dan Schantz Farm & Greenhouses is promoting nothing less than pure secular anti Christianity and should take down their Christian statement... *for you will know them by their works.*

The above outline is just an example of what may be in a PR release or taken out in a page in a newspaper in your area along with calling local Christians to action. Prior to releasing anything I will engage a publicist.

As a Christian, I am very saddened that you were able to push me to such a defensive mind set. If you only acted in an ethical manner following through on your words and promises, this email and its objectives would not have been conceived or considered, but again, it is the result of your unhonest behavior and your client allowing it. To restate, none of the above should be considered a threat, but a necessary response as a result of you and your clients willingness to support your unethical action enacted by your lies and contempt for me.