IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAN SCHANTZ FARM & GREENHOUSES, LLC, | : |
|         Plaintiff, | : Docket No. |
| | : 5:17-cv-00403-JLS |
| v. | : |
| | : **JURY DEMAND** |
| DAVID J. CATANZARO, | : |
|         Defendant. | : **ORAL ARGUMENT** |
| | : **REQUESTED** |
| | : |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Dan Schantz Farm & Greenhouses ("DSF&G"), by its First Amended Complaint, attached hereto as **Exhibit A**, states well-pleaded claims for declaratory judgment of patent invalidity, unenforceability, and of non-infringement of the patent in suit. These claims arise out of Defendant David Catanzaro's express assertion of the adverse legal interests of the parties, namely his allegation that DSF&G infringes the patent in suit, and his demand for monetary compensation from DSF&G for that alleged infringement. DSF&G denies infringement, challenges the validity and enforceability of the patent in suit, and seeks declaratory judgment of its positions. This Court has subject matter jurisdiction over the parties' adverse legal interests and this Court is the proper venue for this dispute. For these reasons, as further discussed herein, Defendant's Motion to Dismiss should be denied.

## BACKGROUND

Defendant David Catanzaro is an experienced litigant, who makes a living through litigation and threats of litigation in both state and federal courts.[1] Despite his admission in papers

---

[1] Defendant has filed at least eight (8) patent infringement suits in Federal District Courts since 2015, and at least two (2) additional patent suits prior to 2015. Defendant was also the plaintiff or counterclaimant in at least four (4)

1

filed in other courts that the asserted patent (the '959 Patent) is unenforceable, one of Defendant's business strategies is threatening to, and filing suit in attempts to, enforce the '959 Patent in order to extract payment from his targets. In furtherance of this business strategy, Defendant employs numerous tactics to complicate and prolong litigation, of which the motions presently before the Court are but two examples.

Through the instant motion, Defendant stands before this Court, seeking dismissal of the present action, offering that the Court lacks subject matter jurisdiction over the parties' patent dispute. Plaintiff himself, however, puts before the Court overwhelming evidence of a justiciable case, which evidence includes his own proposed Litigation Standstill Agreement ("LSA"), Def.'s Mot. to Dismiss, Exh. A, which says:

> A. "Whereas Owner [Defendant] has evidence that Owner asserts establishes that DSFG [Plaintiff] infringed his patent (patent no. _____, the 'Patent') with one or more products;
>
> B. Whereas DSFG denies infringing Owner's patent;
>
> C. Whereas Owner and DSFG desire to have full and frank discussions…prior to the commencement of patent infringement litigation to avoid such litigation if possible.

Though initiating this dispute, Defendant, in a purposeful effort to divest this Court of jurisdiction and gain leverage for himself over DSF&G in negotiating an unwarranted financial reward, attempts to anonymously advance his litigation strategy as long as possible, including by admitted violation of federal communications regulations[2]. In the present matter, Defendant

---

Magisterial Court matters in Lackawanna County since 2010, seeking total damages of nearly $40,000. Defendant has additionally sued his former patent litigation counsel for professional malpractice seeking "damages in excess of $75,000.00" plus attorney's fees. Defendant further claims to have "brought a disciplinary action against an attorney representing [his] mother" and threatens the same against counsel for DSF&G.

[2] See Def.'s Mot. to Dismiss, Exh. D ("I randomly picked the number you seen (sic) on your caller ID to identify with your area[.] I am not located in that area."); See also Truth in Caller ID Act, 47 U.S.C. §227(e)(1) ("It shall be unlawful for any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification

2

refused to give his name or to identify the asserted patent when he first contacted DSF&G, proffered the proposed LSA to DSF&G, and made the first of his related monetary demands. Despite having now been uncloaked by DSF&G's investigation of the information Defendant provided in his communications with DSF&G and its counsel, Defendant offers the present Motion to Dismiss, claiming that his own intentional omissions preclude the existence of a justiciable case or controversy, and therefore insulate this matter from the declaratory judgment jurisdiction of this Court. As more fully discussed herein, Defendant is incorrect. Accordingly, DSF&G respectfully requests that the Court deny Defendant's Motion to Dismiss.

## DEFENDANT'S BASES FOR REQUESTED RELIEF

Defendant's present Motion to Dismiss purports to fall under Fed. R. Civ. P. 12(b)(6). However, the brief in support thereof appears to conflate several potential Rule 12 defenses when it states:

> The Complaint filed by Plaintiff fails to state a claim upon which relief can be granted based on the fact that Declaratory Judgment Venue is not proper.
>
> and
>
> This honorable court further lacks subject matter jurisdiction since the claim is not ripe for adjudication.

DSF&G therefore, out of an abundance of caution, responds and addresses subsections (b)(1), (b)(3), and (b)(6) – each of which fails to provide Defendant a reasonable basis for the requested relief.

---

information with the intent to defraud, cause harm, or wrongfully obtain anything of value, unless such transmission is exempted pursuant to paragraph (3)(B).")

**Rule 12(b)(1) – This Court Properly has Subject-Matter Jurisdiction**

The Supreme Court of the United States clarified the law of declaratory judgment jurisdiction in *MedImmune, Inc. v. Genentech, Inc.,* stating:

> [T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*MedImmune,* 549 U.S. 118, 127, 127 S.Ct. 764, 771 (2007). "*MedImmune* adopted an 'adverse legal interest' requirement...An 'adverse legal interest' requires a dispute as to a legal right—for example, an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring." Arris Grp., Inc. v. British Telecommunications PLC, 639 F.3d 1368, 1374 (Fed. Cir. 2011)(internal citation omitted). The parties here have clear: adverse legal interests; of sufficient immediacy and reality.

**Adverse Legal Interests**

The parties dispute whether Plaintiff's sale of "decorative planters" infringes Defendant's '959 patent. To wit, as stated above, Defendant's proposed LSA says:

> A. "Whereas Owner has evidence that Owner asserts establishes that DSFG infringed his patent (patent no. _____, the 'Patent') with one or more products;
>
> B. Whereas DSFG denies infringing Owner's patent;
>
> C. Whereas Owner and DSFG desire to have full and frank discussions...prior to the commencement of patent infringement litigation to avoid such litigation if possible.

Further, the email by which Defendant transmitted the LSA to DSF&G, Def.'s Mot. to Dismiss, Exh. B, bears the subject line "Patent Infringement Matter." Defendant, in his brief in support of the present motion, discusses his initial telephone contact with DSF&G, characterizing it as "focused on the fact that Plaintiff was selling 'Decorative Planter' products that Defendant

4

believed had similarities to a patent or patent application in possession by Defendant." <u>Def's Brief</u>, ¶2. Defendant's email to counsel for DSF&G, dated January 18, 2017, <u>Def.'s Mot. to Dismiss</u>, Exh. D, identifies steps whereby Defendant would present to DSF&G "all necessary information to make an informed decision as to whether or not litigation could be prevented."

The adverse legal interests of the parties here could hardly be better formed. Defendant asserts that he owns a valid patent and that DSF&G made actual sales that infringed that patent. DSF&G contends that the asserted patent is invalid, not infringed, and – if valid – is nonetheless unenforceable due to the triggering and operation of a terminal disclaimer in the patent's prosecution.

**Sufficient Immediacy and Reality**

Defendant is presently demanding recompense from DSF&G for the alleged acts of infringement. In Defendant's own words, as stated above, he views the current period of discussion between the parties as a precursor "to the commencement of patent infringement litigation." While he offers that these discussions are "to avoid such litigation if possible," Defendant continues his efforts to obtain payment from DSF&G and to mark communications with DSF&G's counsel "FRE 408," thereby indicating his subjective contemplation of litigation and the need to protect the confidentiality of litigation settlement communications under Federal Rule of Evidence 408.[3] By Defendant's words and actions, DSF&G faces a real likelihood of imminent suit.

As stated in DSF&G's First Amended Complaint, at ¶ 26, Defendant has a history of filing suit for enforcement of the '959 patent. "A patentee's prior enforcement litigation is a factor

---

[3] Defendant's brief in support of the present motion states "Defendant never made a demand of any kind." This is a blatantly false statement, although, in adhering to Fed. R. Evid. 408, DSF&G does not include here Defendant's written demands of monetary compensation.

5

supporting jurisdiction where a patentee has directly asserted infringement allegations against a declaratory judgment plaintiff." Draeger Med. Sys., Inc. v. My Health, Inc., No. 15-248-SLR, 2016 WL 859282, at *3 (D. Del. Mar. 3, 2016) (citing *Micron Tech., Inc. v. Mosaid Techs.*, Inc., 518 F.3d 897, 901 (Fed.Cir.2008)). Defendant's statement that he "has evidence that…DSFG infringed his patent" is a clear and direct assertion.

Defendant undertakes contortions and gymnastics in an effort to avoid the jurisdiction of this Court. He first asserts that he "stated that he had absolutely no intention in (sic) filing any lawsuit associated with this matter." Def's Brief, ¶3. If that were the case, the LSA that Defendant sought would be unnecessary, reference to FRE 408 would be unnecessary, and repeated reference to litigation would be unnecessary. Regardless, "[a] 'statement by a patent holder promising not to sue the plaintiff does not eliminate the justiciable controversy created by the patent holder's actions.'" Id. (quoting *EchoStar Satellite LLC v. Finisar Corp.*, 515 F.Supp.2d 447, 452 (D.Del.2007); citing *Sony Bees., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1284 (Fed.Cir.2007) (declining to hold that a patentee's statement that it had "absolutely no plan whatsoever to sue" eliminates the controversy needed to maintain a declaratory judgment suit)).

Next, Defendant offers that a letter from Plaintiff's counsel to Defendant on January 18, rendered this matter moot. The facts belie this position, beginning with Defendant's very next statement that "after Defendant reviewed the…letter, Defendant called Plaintiff's Attorney." Def's Brief, ¶10. This set in motion accusations, demands of payment, identification of Defendant, identification of the patent in suit, ongoing – though as yet fruitless – negotiations, and the other various facts that have brought the parties to this point of clear adverse standing.

Further still, Defendant contends that he and DSF&G's counsel entered into an "oral agreement or covenant of understanding," which Defendant seems to argue is, in fact, a binding

6

contract whereby Plaintiff and Defendant would enter into a contract in the form of the LSA – and that the contract for a contract (between Defendant and Plaintiff's counsel) actually represents a covenant not to sue, on behalf of a third party – DSF&G. This covenant, Defendant alleges, arises out of a supposed statement by Plaintiff's counsel that he "would recommend to his client (the Plaintiff) to enter into the Litigation Standstill Agreement." Def's Brief, ¶15. This, despite Defendant's inconsistent statement in his email to DSF&G's counsel on January 30, 2017, stating "[a]s far as I understand from our conversation, you are making the decision as to weather (sic) or not your client will be signing the stand still (sic) agreement." Def.'s Mot. to Dismiss, Exh. E. DSF&G does not present these facts in this seemingly circus-like manner intending to make light of these proceedings. Plaintiff, rather, does so urging the Court to see the evasive nature of Defendant and his use of all available tactics as sword or shield, as it suits him. He seeks to evade the jurisdiction of this Court while, upon the same facts, forcing DSF&G to negotiate with and pay him. These tactics submit DSF&G to significant uncertainty, and to the real and immediate threat of suit by Defendant.

Declaratory Judgment jurisdiction exists where the facts alleged, under all the circumstances, demonstrate that the parties have adverse legal interests, of sufficient immediacy and reality. Such jurisdiction is clearly and irrefutably demonstrated here.

**Rule 12(b)(3) – This Judicial District is the Proper Venue**

Defendant appears to conflate Rules 12(b)(1), 12(b)(3), and 12(b)(6) when he states in his motion, "[t]he complaint fails to state a claim upon which relief can be granted based on the fact that Declaratory Judgment Venue is not proper." Def's Brief, ¶1. Neither Defendant's Motion nor brief in support thereof ever again mentions "venue," but rather focuses on questions of jurisdiction, which DSF&G has addressed in the previous section. While "[v]enue is not the

7

identical (or even fraternal) twin of jurisdiction," Simon v. Ward, 80 F. Supp. 2d 464, 467 (E.D. Pa. 2000), DSF&G briefly addresses Defendant's mention of "venue" and points out that there is no true question of proper venue in this matter.

Senior Judge Reed of this Court wrote that "this Court is bound by the rule set forth by the Court of Appeals in *Myers:* defendant bears the burden of establishing that venue is improper." Simon v. Ward, 80 F. Supp. 2d 464, 468 (E.D. Pa. 2000)(citing *Myers v. American Dental Ass'n,* 695 F.2d 716 (3d Cir.1982), *cert. denied,* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983))[4]. Defendant makes no showing of any kind that venue is improper and therefore fails to carry his burden under this subsection.

DSF&G reiterates its statement of venue in its First Amended Complaint, at ¶ 7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim – DSF&G's sales of the accused products – occurred in this judicial district.

### Rule 12(b)(6) – DSF&G Fully and Properly States a Claim Upon which Relief Can be Granted

"When presenting a Rule 12(b)(6) motion, the defendant [Catanzaro] bears the burden to show that the plaintiff [DSF&G] has not stated a claim." Davis v. Wells Fargo, 824 F.3d 333, 349 (3d Cir. 2016). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations 'could not raise a claim of entitlement to

---

[4] "[A] motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense. Because of the nature of the motion, 'it is not necessary [as contrasted with jurisdiction] for the plaintiff to include allegations showing the venue to be proper.' Fed.R.Civ.P. Form 2, Advisory Committee note 3. It logically follows therefore that on a motion for dismissal for improper venue under Rule 12 the movant has the burden of proving the affirmative defense asserted by it." Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).

relief.' " Metro. Edison Co. v. Pennsylvania Pub. Util. Comm'n, 767 F.3d 335, 350 (3d Cir. 2014) (citing *Simon v. FIA Card Servs., N.A.,* 732 F.3d 259, 264 (3d Cir.2013); (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "At bottom, '[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element' of a claim." Clouding IP, LLC v. Amazon.com, Inc., No. CA 12-641-LPS, 2013 WL 2293452, at *1 (D. Del. May 24, 2013)(quoting *Wilkerson v. New Media Tech. Charter Sch. Inc.,* 522 F.3d 315, 321 (3d Cir.2008)).

Here, Plaintiff alleges that Defendant's '959 patent is: (i) invalid and unenforceable for failure to satisfy the requirements for patentability under Title 35 of the United States Code, including the respective provisions of §§ 102, 103, and 112; (ii) not infringed by "decorative planter" products sold by Plaintiff; and (iii) unenforceable because the '959 patent failed to be commonly owned with its parent, as required by a terminal disclaimer filed during prosecution of the '959 patent.

### (i) **Invalidity**

The Patent Act, 35 U.S.C. §102 (pre-AIA) states, in part:

> A person shall be entitled to a patent unless —
>
> (a)     the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or
>
> (b)     the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States

9

The Patent Act, 35 U.S.C. §103 (pre-AIA) states, in part:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

Plaintiff's First Amended Complaint cites specific, identified prior art that Plaintiff alleges anticipates and/or renders obvious the claimed invention of the '959 patent. These statements, accepted as true, demonstrate, on their face, that DSF&G is able to evidence the element of invalidity of the '959 patent under the relevant sections of the Patent Act.

**(ii)** **Non-Infringement**

35 U.S.C. §271 provides, in part, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." DSF&G's First Amended Complaint states: "DSF&G has not infringed, nor is it infringing, directly or indirectly, any valid claim of the '959 Patent." It is a legal truism that "invalid claim[s] cannot give rise to liability for infringement." Exergen Corp. v. Wal–Mart Stores, Inc., 575 F.3d 1312, 1320 (Fed.Cir.2009). As DSF&G has pleaded facts supporting the invalidity of the patent, it follows that DSF&G's complaint properly alleges non-infringement by the accused product.

**(iii)** **Unenforceability**

Count III of DSF&G's First Amended Complaint, at ¶¶ 38-46, sets forth, with specificity, facts which, taken as true and viewed in the light most favorable to DSF&G, the non-movant, clearly evidence unenforceability of the '959 patent. These facts show that the '959 patent was subject to a terminal disclaimer requiring that it remain commonly owned with its parent, U.S. Patent No. 6,026,532 (the "'532 Patent"). Count III further details that Defendant alienated the

10

'532 patent, severing the common ownership and causing the '959 patent to immediately expire on February 28, 2011. DSF&G's First Amended Complaint further alleges that Defendant himself is aware of the unenforceability of the '959 patent and filed suit against his former patent litigation counsel expressly stating that "he is foreclosed from pursuing" actions for infringement of the '959 patent. See Pltf.'s First Amend. Compl., Exh. I, ¶ 30. The First Amended Complaint distinctly pleads that this expiration rendered the '959 patent unenforceable.

## CONCLUSION

For the reasons set forth above, Plaintiff Dan Schantz Farm & Greenhouses, LLC has demonstrated that: this Court holds proper subject matter jurisdiction over the present dispute between the parties regarding their adverse legal interests; this Court is the proper venue for this dispute and that Defendant has failed to produce evidence or meet his burden of proving the contrary; and that Plaintiff's First Amended Complaint properly states a claim for declaratory judgment of patent invalidity, non-infringement, and unenforceability. As such, Plaintiff respectfully urges that Defendant's Motion to Dismiss must be denied in all respects.

FITZPATRICK LENTZ & BUBBA, P.C.

Date: 3/30/2017

BY: _____
Douglas Panzer
PA Bar I.D. #203354
Attorney for Plaintiff
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000