IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAN SCHANTZ FARM & GREENHOUSES, LLC, <br>              Plaintiff, <br><br> v. <br><br> DAVID J. CATANZARO, <br>              Defendant. | Docket No. <br> 5:17-cv-00403-JLS <br><br> **JURY DEMAND** |

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Dan Schantz Farm & Greenhouses, LLC ("DSF&G" or "Plaintiff"), by its attorneys, Fitzpatrick Lentz & Bubba, P.C., files the instant First Amended Complaint against the Defendant, David J. Catanzaro ("Catanzaro" or "Defendant") for, *inter alia*, declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and, in support thereof, avers as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. DSF&G seeks declaratory judgment that the claims of U.S Patent 7,653,959 ("the '959 Patent") are not infringed by DSF&G and/or are invalid under one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and 112. An actual controversy over the infringement, validity and enforceability of the '959 Patent exists between DSF&G and Catanzaro, as evidenced by the allegations of Catanzaro detailed below.

### THE PARTIES

2. Plaintiff Dan Schantz Farm & Greenhouses, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 8025 Spinnerstown Road, Zionsville, Pennsylvania 18092.

3. On information and belief, Defendant David J. Catanzaro is an individual residing in the Commonwealth of Pennsylvania at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407.

## JURISDICTION AND VENUE

4. Plaintiff's claims arise under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Catanzaro because Catanzaro is domiciled in the Commonwealth of Pennsylvania.

6. This Court further has personal jurisdiction over Catanzaro because Catanzaro has conducted business in the Commonwealth of Pennsylvania by systematically and continuously availing himself of the federal district courts of the Commonwealth to exploit the '959 patent.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## CONTROVERSY BETWEEN THE PARTIES

8. An actual and justiciable controversy exists between DSF&G and Catanzaro as to whether the claims of the '959 Patent, attached hereto as **Exhibit A**, are infringed by DSF&G, whether the '959 Patent is invalid, and whether the '959 Patent is enforceable.

9. On January 11, 2017, a man contacted DSF&G by telephone and stated that DSF&G was selling "decorative planter" products that were similar to a patent or pending patent application that the man owned.

10. The caller identified himself as "David." The caller refused to provide additional personally identifying information or to identify the patent alleged to be infringed.

11. The products that the caller identified as the accused products are the 2 Qt. Poinsettia Santa and 2 Qt. Poinsettia Elf products shown here:



12. The caller stated that in exchange for execution by DSF&G of a "Litigation Standstill Agreement" ("LSA"), the caller would disclose "all pertinent information" in connection with the allegation of patent infringement.

13. On January 13, 2017, "David" sent an email to DSF&G from davemts1213@gmail.com, further identifying the sender as "David Joseph," and attaching the proposed "LSA." (Attached hereto as **Exhibit G**.)

14. The subject line of the January 13, 2017 email transmitting the LSA is "Patent Infringement Matter."

15. The parties have never negotiated the terms of the LSA.

16. The parties have never agreed to the terms of or executed the LSA.

17. The LSA contemplates a 30-day discussion period between the parties and agreements not to sue or otherwise seek declaration of invalidity of the patent during such period. The LSA further contemplates that DSF&G will refrain from suing the patent owner for an additional fourteen (14) days after the discussion period and that the owner will refrain from suing DSF&G for seven (7) days after the discussion period.

18. The LSA states in part:

    a. "Whereas Owner has evidence that Owner asserts establishes that DSFG infringed his patent (patent no. _____, the 'Patent') with one or more products;

    b. Whereas DSFG denies infringing Owner's patent;

    c. Whereas Owner and DSFG desire to have full and frank discussions regarding Owner's claim prior to the commencement of patent infringement litigation to avoid such litigation if possible.

19. On January 18, 2017, counsel for DSF&G sent, via email, a letter to "David" stating that "David" had not provided sufficient information to DSF&G to permit it to evaluate "David's" allegations.

20. On January 18, 2017, in response to counsel for DSF&G's letter, a man identifying himself as "Dave" called counsel for DSF&G.

21. "David" and "Dave" are the same person.

22. "David" and counsel for DSF&G discussed possible patent litigation that "David" could bring against DSF&G, including potential venues for such litigation.

23. The caller stated that he had previously filed suit for infringement of his patent and had entered into numerous license agreements as a result thereof.

24. "David," via electronic means, purposefully falsified the caller identification information transmitted by his call in an effort to avoid being identified.

25. After this telephone call, "David" emailed (**Exhibit H**) counsel for DSF&G stating:

> I appreciate our recent conversation. Per our conversation, It is my desire that your client (DSFG) opens up a dialog wherein I would provide them with all necessary information. By entering into the standstill agreement, DSFG will have all necessary information to make an informed decision as to whether or not litigation could be prevented.
>
> With regards to your question as to whether or not the litigation would be filed in your district, the clear answer is NO. I randomly picked the number you seen on your caller ID to identify with your area, I am not located in that area.

26. Searches of publicly available information reveal that Defendant Catanzaro has filed numerous suits for infringement of U.S. Patent No. 7,653,959 ("the '959 Patent"). See **Exhibit B**.

27. Searches of publicly available information reveal that Defendant Catanzaro has contacted other parties to allege infringement of the '959 patent, refusing to provide full information

regarding his identity or the identity of the patent and demanding execution of a "litigation standstill agreement" contemplating a 30-day discussion and non-suit period. See **Exhibit C** at ¶¶ 13-14.

28. Exhibit B to **Exhibit C** further identifies Defendant Catanzaro as David Joseph Catanzaro and refers to "a few settlement/licensing agreements I have already obtained."

29. Defendant David J. Catanzaro is the caller, "David."

30. The patent that Defendant Catanzaro alleges to be infringed by the accused "decorative planter" products is the '959 patent.

31. On January 27, 2017, DSF&G filed its initial Complaint for Declaratory Judgment in this matter.

32. Defendant has not filed a responsive pleading.

## COUNT I
(Declaratory Judgment of Non-Infringement)

33. Plaintiff incorporates by reference Paragraphs 1-32, above, as if fully set forth herein.

34. DSF&G has not infringed, nor is it infringing, directly or indirectly, any valid claim of the '959 Patent.

## COUNT II
(Declaratory Judgment of Invalidity)

35. Plaintiff incorporates by reference Paragraphs 1-34, above, as if fully set forth herein.

36. Each claim of the '959 Patent is invalid and unenforceable for failure to satisfy the requirements for patentability under Title 35 of the United States Code, including the respective provisions of §§ 102, 103, and 112.

37. Without limiting the allegations of this Complaint, each claim of the '959 patent is invalid and unenforceable in view of at least the prior art shown in **Exhibit D**, hereto:

a. One or more claims of the '959 Patent is invalid and unenforceable as anticipated or obvious in view of *Bowl with Human Feet*, produced ca. 3900–3650 B.C.

b. One or more claims of the '959 Patent is invalid and unenforceable as anticipated or obvious in view of *Grimace*, produced ca. 1985.

c. One or more claims of the '959 Patent is invalid and unenforceable as anticipated or obvious in view of Kellogg Company bowls and cups, produced ca. 1981.

d. One or more claims of the '959 Patent is invalid and unenforceable as anticipated or obvious in view of Milton Bradley *Bash*, produced ca. 1965.

e. One or more claims of the '959 Patent is invalid and unenforceable as anticipated or obvious in view of Carlton Walking Ware, produced ca. 1980.

## COUNT III
(Declaratory Judgment of Unenforceability)

38. Plaintiff incorporates by reference Paragraphs 1-37, above, as if fully set forth herein.

39. A search of the publicly available file history for the '959 Patent reveals that Catanzaro filed a Terminal Disclaimer dated August 27, 2001, to obviate a double patenting rejection over U.S. Patent No. 6,026,532 (the "'532 Patent"). In the Terminal Disclaimer, Catanzaro agreed "that any patent so granted on the instant application shall be enforceable only for and during such period that it and the prior patent are commonly owned." The application 09/505,791, to which the Terminal Disclaimer applies, issued as the '959 Patent on February 2, 2010. A copy of the Terminal Disclaimer is attached hereto as **Exhibit E**.

40. A search of the U.S. Patent and Trademark Office's assignment database reveals that Catanzaro assigned his entire interest in the '532 Patent to Church & Dwight Co., Inc. by way of an assignment executed on February 28, 2011 and recorded June 9, 2011. A copy of the recorded assignment is attached hereto as **Exhibit F**.

41. The '959 Patent has, at no time, been assigned to Church & Dwight Co., Inc.

42. As of February 28, 2011, the '959 Patent no longer maintained common ownership with the '532 Patent.

43. The '959 Patent expired on February 28, 2011.

44. The '959 Patent cannot be revived or reactivated by later assignments.

45. On May 2, 2013, Defendant filed a professional malpractice action (the "Malpractice Suit") against his former patent litigation counsel, case 1:13-cv-00996 (N.D. Ohio).

46. In his complaint in the Malpractice Suit Defendant stated that the facts giving rise to his claim "rendered ineffective…U.S. [Pat.] No. 7, 653,959 (The "959" Patent.")" Malpratice Suit at ¶2. A copy of the Malpractice Suit is attached hereto as **Exhibit I**.

## **PRAYER FOR RELIEF**

WHEREFORE, DSF&G prays for the following relief:

A. A declaration that DSF&G has not infringed, either directly or indirectly, any valid and enforceable claim of the '959 Patent;

B. A declaration that the '959 Patent is invalid;

C. A declaration that the '959 Patent is unenforceable;

D. Enjoin Catanzaro and his representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the '959 patent against DSF&G or anyone in privity with DSF&G;

E. An order declaring that DSF&G is a prevailing party and that this is an exceptional case, awarding DSF&G its costs, expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285, recent precedent promulgated by the United States Supreme Court in *Octane Fitness*, and all other statues, rules and common law;

F. That Catanzaro be ordered to pay all costs associated with this action; and

G. That DSF&G be granted such other and additional relief as the Court deems just and proper.

**JURY DEMAND**

47. DSF&G hereby demands a trial by jury on all issues triable of right by jury.

FITZPATRICK LENTZ & BUBBA, P.C.

Date: 3/30/2017

BY: _____
Douglas Panzer
PA Bar I.D. #203354
Attorney for Plaintiff
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000