# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CATANZARO | : | |
| 286 Upper Powderly Street | : | |
| Carbondale, PA 18407 | : | |
| | : | |
| Plaintiff | : | |
| | : | Case No. |
| Vs. | : | |
| | : | Judge |
| SEAMAN GARSON LLC/LLP | : | |
| Rockefeller Building, 16th Floor | : | Magistrate Judge |
| 614 W. Superior Avenue | : | |
| Cleveland, Ohio 44113 | : | |
| | : | JURY DEMAND |
| and | : | ENDORSED HEREON |
| | : | |
| James A. DeRoche | : | |
| Rockefeller Building, 16th Floor | : | |
| 614 S. Superior Avenue | : | |
| Cleveland, Ohio 44113 | : | |
| | : | |
| and | : | |
| | : | |
| Wayne D. Porter, Jr. | : | |
| 1370 Ontario Street, #600 | : | |
| Cleveland, Ohio 44113-1752 | : | |
| | : | |
| and | : | |
| | : | |
| John and Jane Doe | : | |
| Seamon Garson LLC | : | |
| Rockefeller Building, 16th Floor | : | |
| 614 W. Superior Avenue | : | |
| Cleveland, Ohio 44113 | : | |
| | : | |

and                                              :
                                                 :
John  or Jane Doe                                :
Law Offices of Wayne Porter, Jr.                 :
1370 Ontario Street, #600                        :
Cleveland, Ohio 44113-1752                       :
                                                 :
    Defendants                                   :


## COMPLAINT

1.      This action is brought in Legal Malpractice resulting from the Defendants'

failure to properly represent Plaintiff in a Patent Infringement suit entitled "David

Catanzaro  v.  Procter & Gamble, et al, a Middle District of Pennsylvania Case No. 3:08-

CV2231.


2.      As a result of the Defendants' representation, Plaintiff was induced to enter a

"Patent Purchases, Assignment and Settlement Agreement" which caused Plaintiff to

alienate his interest in U.S. Patent No. 6,026,532 ("the 532 Patent") and in the process

neglected to preserve and thereby rendered ineffective the Plaintiff intellectual property

interest in a "Continuation Patent" U.S. No. 7, 653,959 (The "959" Patent.")

## THE PARTIES

3.      Plaintiff David Catanzaro is an individual, a resident of the State of Pennsylvania.  David Catanzaro is a novice inventor and holds utility patents.

4.      Defendant Seamon Garson LLC is a Law Firm incorporated in the State of Ohio with offices in Cleveland, Ohio.

5.      James A. DeRoche is an attorney practicing in Cleveland, Ohio with the firm of Seamon Garson.  DeRoche was engaged by Plaintiff Catanzaro to represent his interests in the Catanzaro v.  Procter & Gamble, et al case.  At all times herein DeRoche was acting within the scope of his partnership, ownership, employment and/or Agency with the Seamon Garson Firm.

6.      Wayne D. Porter, Jr. is a Cleveland, Ohio Lawyer and is the owner and founder of the Wayne D. Porter, Jr. Law firm and at all times was acting in the scope of his engagement by Seamon Garson as Co-Counsel in the Catanzaro  v. Procter & Gamble lawsuit and equally shared in the contingent fee collected by Seamon Garson and the Porter firm in that settlement.

7.      The John or Jane Doe Defendants are any personnel at the Seamon Garson firm or the Wayne D. Porter firm who had responsibility for reviewing the 532

3

and the 959 Patents along with their case history and evaluating them in terms of the Settlement Agreement language in the Catanzaro Litigation.

## JURISDICTION AND VENUE

8.      The amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000.00) dollars and jurisdiction is proper by Diversity of Citizenship under 28 USC § 1332 (a)(1).  This Court's exclusive jurisdiction is also proper in that the Plaintiffs' right to relief necessarily depends on a resolution of a substantial question of Federal Patent Law under 28 USC § 1338(a).

9.      Venue is proper in Ohio Court because portions of the business conducted were conducted out of business offices in this venue and the Defendants all reside in this venue.

## FACT ALLEGATIONS

10.      David Catanzaro is an Independent Investor who has twice obtained patents on design utility of his making from the U.S. Patent Office.

11.      The first patent was U.S. Patent No. 6,026,532 (hereinafter "The 532 Patent").  This patent was obtained on February 22, 2000.  It featured a utility patent design featuring a toothbrush, a stand for the brush in the shape of feet and bristle cover. The foot stand and bristle cover are so designed that when combined with the brush itself,

4

viewed together the two components with the brush form the embodiment of a desired animate or inanimate object. The desired embodiment could also be achieved without utilizing the toothbrush cover. The foot stand having a recess to accept the toothbrush therein, is the main claimed feature of the patent. The foot stand of the 532 Patent can only accept a toothbrush therein.

12. The second patent was U.S. Patent No, 7,653,959 (hereinafter "The 959 Patent"). This patent was obtained as a continuation of and on the 532 Patent and featured the design of the foot stand as its essential component itself. Like the 532 Patent, the 959 would maintain the same limitations on foot stand, but this Continuation Patent was obtained to expand the range of other possible articles other than a toothbrush, which could be inserted into the foot stand.

13. Over time Catanzaro took note of a variety of products whose design infringed upon both of his patents.

14. On December 15, 2009, Catanzaro filed an action "Pro se" in the U.S. District Court for the Middle District of Pennsylvania entitled David Catanzaro v. Procter and Gamble, et al. The case was assigned #3:08 CV 02231. This action was brought against Procter and Gamble Co. and Church & Dwight Co. for manufacturing, imposing, using and offering for sale a children's product line named "Spinbrush" which, it was alleged, infringed on Catanzaro's 532 Patent.

15.     Plaintiff Catanzaro understood that he could not prosecute the case successfully on his own behalf and sought legal counsel by searching the internet using search engines that assured searches that the attorney handled "Intellectual Property Disputes".

16.     In such a search Catanzaro found a website posted by Defendant Seaman Garson advertising Defendant James A. DeRoche and citing "Intellectual Property Disputes" as one of his "areas of practice".

17.     In March of 2009, Catanzaro contacted DeRoche and negations were instituted to hire DeRoche to take representation of Catanzaro in the Case of "David Catanzaro vs. Procter and Gamble et al."

18.     On April 2, 2009, Defendant DeRoche sent Plaintiff Catanzaro a letter outlining the "terms" of his and Seaman Garson's representation of Catanzaro in "Catanzaro vs. Procter and Gamble, et al", and requesting that Catanzaro sign and return a copy of the letter as agreeing to the "terms" of representation. Catanzaro so agreed and signed the letter of representation. (See Exhibit "A" attached hereto).

19.     The pertinent "terms" to the agreement were as follows: The case would be handled jointly by Seaman Garson, LLP and the Law Offices of Wayne D. Porter, Jr. who would share equally in a contingent fee of 40%. The case would be transferred to the Northern District Of Ohio where the law firms officed.

6

20. Catanzaro filed a Motion To Transfer The Case to the Northern District of Ohio on April 26, 2009. The motion was drafted by Seaman Garson and Porter but signed "Pro se" by Catanzaro.

21. A report and recommendation was filed in the Middle District of Pennsylvania Court recommending that the Motion to Transfer be denied on June 26, 2009.

22. This prompted DeRoche, Seaman Garson and Porter to draft a Second Amended Complaint, as filed, and a Leave To File on July 7, 2009 and this Second Amended Complaint, was again, in Catanzaro's name Pro se. An order transferring the case to the Northern District of Ohio was granted on February 8, 2010. The transfer was journalized in Ohio on February 23, 2010.

23. The Discovery was held in 2010 and the parties agreed to mediation held on February 14, 2011.

24. As settlement to the Mediation, Plaintiff Catanzaro was advised by his attorneys, Defendants Seaman Garson, DeRoche and Porter to "sell and assign all right, title and interest in the 532 Patent to Church and Dwight" and to grant a license to use (non-exclusive) and enter into a covenant not to sue Procter and Gamble and Church and Dwight under the 959 Patent. In return for the purchase and assignment of the 532 Patent and license and Covenant on the 959 Patent, Plaintiff was paid One Hundred Twenty-Five Thousand and 00/100 ($125,000.00) dollars. Payment was made in Trust to

Attorney-Defendant Wayne Porter.  Porter and Seaman Garson and DeRoche received 40% of that amount plus costs advanced and the balance was paid to Catanzaro.  (See Exhibit "B" attached hereto).

      25.     Catanzaro proceeded to enforce infringement claims utilizing the 959 Patent.  He resolved five (5) such claims for several hundred thousand dollars.

      26.     In early May 2012 while negotiating an infringement claim against Elmer's Products, Inc., (Elmer's Glue) on the 959 Patent, Catanzaro was informed by the attorney for Elmer's that he had lost his rights in the 959 Patent because Church & Dwight had purchased the 532 Patent, thus rendering the "Continuation Patent" unenforceable.  The attorney from Elmer's further stated that there was a "Terminal Disclaimer" filed within the case file of the 959 Patent, which states that the 532 and the 959 Patent must be jointly owned by the same owner, for the 959 Patent to be enforceable.  He further went on to state that a Terminal Disclaimer is mandatory instated by the Patent and Trademark Office when a Continuation Patent has similar claims to the parent patent.

Immediately after the Elmer's meeting Catanzaro found out that Church & Dwight had allowed the 532 Patent to expire for non-payment of the final maintenance fee which was due in February 2012.

      27.     Catanzaro contacted Defendant Wayne Porter immediately.  Porter was traveling but promised to address the issue by mid-month.  Catanzaro requested that

Porter contact Church & Dwight and Procter and Gamble to give him the opportunity to

enforce his 959 Patent or reacquire rights under the 532.

     28.    In late June, Porter emailed Catanzaro:

       "C&D is not interested in assigning the expired patent to you.  No
reason was given."

     29.    Defendant DeRoche had also been contacted by Catanzaro and
DeRoche's response:

> From:  David Catanzaro
> Thu, June 28, 2012
>
> Wayne:
>
> Please keep me updated today as to what you and Jim have
> discussed regarding C&D.
>
> James A. DeRoche
> Thu, June 28, 2012
>
> I am not discussing anything regarding C&D with anybody.   As far as
> I am concerned the matter is closed.

     30.    Plaintiff Catanzaro had been contemplating 10 different patent

infringement claims that he could make under the 959 Patent from which he now believed

he is foreclosed from pursuing by virtue of Defendants' Malpractice.  The companies

include McDonald's Corp.; The Walt Disney Company; Mattel Inc.; Crayola LLC; the

M&M Company; and others.

     31.    The 959 Patent would have been enforceable to December 2016.

Defendants, collectively, failed to protect Plaintiff's interest in the 959 Patent while negotiating the Mediation Agreement, though fully aware of Plaintiff's desire to enforce the 959 Patent against other infringers.

## COUNT ONE – PROFESSIONAL NEGLIGENCE

Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 of the Complaint as if fully restated herein.

32.     At all times relevant, Defendants had a duty to act in accordance with the standard of care to which attorneys, including those practicing patent law, are held.

33.     Defendants' acts and omissions while representing Plaintiff violated and fell below the applicable standard of care in the legal profession.

34.     As a direct and proximate result of Defendants' malpractice, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT TWO – RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 of the Complaint as if fully restated herein.

35.     At all times relevant hereto, Defendants DeRoche, Porter, Jr., John and Jane Doe's were acting in the course and scope of their respective partnerships,

employment and/or agencies with their law firms and were partners, employees and/or agents of their firms.

36.     As partners, employees and/or agents, Defendants' wrongful conduct as set forth herein is deemed to be the conduct of Defendants Seamon Garson.

37.     Accordingly, Seamon Garson are liable for the wrongful or negligent acts or omissions of their partners, employees and/or agents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(a)    Award Plaintiff compensatory damages in excess of $75,000.00;

(b)    Award Plaintiff his reasonable attorneys fees and costs; and

(c)    Grant such further relief as may be just and proper.

Respectfully submitted,

s/MICHAEL P. CASSIDY
MICHAEL P. CASSIDY - #0001087
Cassidy & Associates
Attorney for Plaintiff
11221 Pearl Road
Strongsville, Ohio 44136
(440) 846-0000 Ext. 222
(440) 846-9770 – Facsimile

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

s/MICHAEL P. CASSIDY