## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAN SCHANTZ FARM & GREENHOUSES, LLC, | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 5:2017-cv-00403 |
| DAVID J. CATANZARO | THE HONORABLE JEFFREY L. SCHMEHL |
| Defendant | |

## MOTION FOR DISCIPLINARY ACTION

AND NOW COMES, David J. Catanzaro pro se Defendant and files this Motion for Disciplinary
Action against Plaintiff's attorney and in support thereof avers as follows:

## RELEVANT FACTS

1. Defendant contacted Plaintiff by phone on of 1-11-17, and only provided his first name
along with a limited conversation focused on the fact that Plaintiff was selling 'Decorative
Planter' products that Defendant believed had similarities to a patent or patent application in
possession by Defendant.

2. Further during the conversation of 1-11-17, Defendant stated that he had absolutely no
intention in filing any lawsuit associated with this matter and that Defendant wanted both
Defendant and Plaintiff enter into a draft litigation standstill agreement (attached as **Exhibit A**)
to discuss the full merits of the matter.

3. On 1-18-17 Defendant received an email with an attached letter from Plaintiff's Attorney Douglas Panzaer (**Exhibit C**).

4. Among other factual statements made within the 1-18-17 letter, Mr. Panzaer therein states:

*"Due to the intentional omissions of material information in your telephone call, email and the proposed Litigation Standstill Agreement, they fail to provide any legal notice to DSFG of a colorable claim."*

5. On 1-18-17 after Defendant reviewed the above noted letter, Defendant called Plaintiff's attorney Douglas Panzaer to open a dialog and to further discuss the matter.

6. Further during the conversation of 1-18-17 Plaintiff's attorney Douglas Panzer agreed, promised and reassured Defendant that if Defendant provided at a minimum, his full legal name prior to Plaintiff signing said agreement(which Defendant agreed to provide), he (Douglas Panzer) would recommend to his client to enter into the Litigation Standstill Agreement and provide Defendant with a communication confirming his client's approval or response.

7. An agreement or covenant of understanding was reached between Defendant and Plaintiff's attorney Douglas Panzer during the conversation of 1-18-17 when attorney Panzer agreed, promised and reassured Defendant that he would recommend to his client (the Plaintiff), to enter into the Litigation Standstill Agreement and respond back to Defendant with respect to his clients response to entering into said agreement. In return, Defendant would disclose his full legal name prior to Plaintiff signing said agreement. After the agreement was signed, Defendant then would fully disclose all pertinent information regarding the matter with the goal of Defendant and Plaintiff reaching a resolution without having any legal entanglements.

8. **Exhibit E** contains several email correspondences between Defendant and Plaintiff's attorney Douglas Panzer which clearly supports the agreement or covenant of understanding between the parties as outlined in point 7 above.

9. In **Exhibit E** an email was sent to Defendant by Plaintiff's attorney Douglas Panzer dated 1-25-17, which is the final email Mr. Panzer sent to Defendant prior to Plaintiff filing this action, wherein Mr. Panzar states:

*"As you may know, Dan Schantz had a serious fire this month that caused damage and disruption. I will have a substantive response for you as soon as possible."*

10. Within two days after the above stated email was sent to Defendant, Plaintiff's attorney Douglas Panzer filed this instant action and provided NO prior response as defined in his email dated 1-25-17 and he further failed to respond to Defendant's emails of 1-30-17 & 2-1-17.

11. When Defendant found out through the internet that Plaintiff's attorney Douglas Panzer filed this instant action, Defendant was more than outraged.

12. Defendant immediately called Plaintiff's attorney Douglas Panzer late in the afternoon of 2-1-17 and expressed to him that he is an officer of the court and his blatant lies about moving forward with the Litigation Standstill Agreement and getting back to Defendant with respect to his client entering into said agreement, while all along preparing and filling this action, constitutes a very strong showing of 'Bad Faith' which is completely adverse witb the Rules of Professional Conduct and Rules of Civility.

13. Further during the conversation of 2-1-17 Plaintiff's attorney Douglas Panzer stated that he had to be first to file the lawsuit in the Eastern District because of his duty to his client. Mr.

Parizer went on to say that: "There are many advantages in being the Plaintiff."

14. Defendant followed up with an email of 2-2-17 recapping the conversation of 2-1-17

sending it directly to his client (the Plaintiff) and to Mr. Panzer (refer to **Exhibit F**).

(It should be noted that Defendant has not yet made any statements to the press regarding this lawsuit as stated in Defendants letter of 2-2-17. Furthermore, Defendant has not filed a disciplinary action with the disciplinary board, but rather has filed this Motion for discipline with this honorable court. Lastly, the last paragraph of Defendants letter of 2-2-17 is governed under FRE 408 and as a result, was redacted from the communication.)

## GROUNDS FOR DISCIPLINARY ACTION

An agreement or covenant of understanding was reached between the Defendant and

Plaintiff's attorney Douglas Panzer during the conversation of 1-18-17 when attorney Panzer

agreed, promised and reassured Defendant that he would recommend to his client (the Plaintiff),

to enter into the Litigation Standstill Agreement and respond back to Defendant with respect to

his clients response to entering into said agreement. In return, Defendant would disclose his full

legal name prior to Plaintiff signing said agreement. After the agreement was signed, Defendant

then would fully disclose all pertinent information regarding the matter with the goal of

Defendant and Plaintiff reaching a resolution without having any legal entanglements.

Mr. Panzer is an officer of the court and has blatantly lied about moving forward with the

Litigation Standstill Agreement and getting back to Defendant with respect to his client entering

into said agreement while all along preparing and filling this action. Mr. Panzer's 'intent to

deceive behavior' constitutes a very strong showing of 'Bad Faith' which is completely adverse

with the Rules of Professional Conduct and Rules of Civility. As an officer of the court, Mr.

Panzer has also demonstrated complete contempt toward Defendant as a result of his malicious,

grossly reckless actions and conduct. (Defendant again refers to the emails in **Exhibit E** and

**Exhibit F** to support the oral agreement or covenant of understanding between the parties.)

Attorney Douglas Panzer has clearly stated that there is No Colorable Claim or Controversy as denoted within his letter of 1-18-17 (**Exhibit C**). Since Defendant has not supplied any information to Plaintiff at the time of this filling that would rise to a Colorable Claim or Controversy, the filing of this action should be viewed as frivolous and in step with the Bad Faith actions taken by Attorney Douglas Panzer, all in an effort to get his client first to the court house to establish home town Jurisdiction and Venue all in an effort to 'unfairly disadvantage' the Defendant. Defendant again reiterates that during a conversation of 2-2-17, Plaintiff's attorney Douglas Panzer stated that he had to be first to file the lawsuit (in the Eastern District) because of his duty to his client. Mr. Parizer went on to say that: "There are many advantages in being the Plaintiff."

Along with having a Duty to his client (the Plaintiff) attorney Douglas Panzer had a Duty to the Defendant which, as already stated, was made during a conversation on 1-18-17, when Mr. Panzer agreed, promised and reassured Defendant that he would recommend to his client to enter into the Litigation Standstill Agreement and then respond back to Defendant with respect to his clients response thereof. When attorney Douglas Panzer filed this action without ever following up with Defendant he clearly breached his duty as defined above.

WHEREFORE, Defendant respectfully requests this honorable court to apply discipline to Plaintiff's attorney Douglas Panzer.

Respectfully submitted,                            Dated: April 27, 2017

*s/ David J. Catanzaro*
David J. Catanzaro
Defendent *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 282-4889
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David Catanzaro, hereby certify that a true and correct copy of the forgoing Motion for

Disciplinary Action was sent by First Class Mail to the United States District Court for the

Eastern District of Pennsylvania and served via First Class Mail upon Plaintiff this 27th day of

April 2017 to the following person:


DAN SCHANTZ FARM &
GREENHOUSES, LLC
c/o DOUGLAS PANZER
FITZPATRICK LENTZ & BUBBA
4001 Schoolhouse Lane
Center Valley, PA 18034


*s/ David J. Catanzaro*
David J. Catanzaro

# Exhibit A

7.      The Parties hereby agree that this Agreement shall constitute, for the Party breaching this Agreement, a Stipulation for Dismissal Without Prejudice for any action filed in violation of this Agreement.

8.      This  Agreement  shall  be  governed  by  Pennsylvania  law  without regard to its conflict of law principles.

9.      This Agreement shall constitute the entire understanding between the Parties and supersede, according to their terms, all prior-understandings, whether oral or written, of the Parties hereto relating to the subject matter herein and cannot be changed or terminated orally.

10.     The Parties shall execute any such other documents as may be reasonably required or as may reasonably be necessary to effectuate any other requirement or agreement herein.

11.     This Agreement may be executed in several counterparts, each of which shall be deemed an original.

12.     Execution of this Agreement may be effected by facsimile, pdf or other electronic transmission.


Dan Schantz Farm & Greenhouses, LLC:


Signature:_____      Date: _____

Printed Name:_____

Title:_____


Patent Owner


Signature:_____      Date: _____

Printed Name:_____


2 of 2

# LITIGATION STANDSTILL AGREEMENT

This Litigation Standstill Agreement ("Agreement") is entered into and effective as of January 13, 2017 ("Effective Date") by and between Dan Schantz Farm & Greenhouses, LLC ("DSFG"), having a principle place of business at 8025 Spinnerstown Road, Zionsville, PA 18092 and _____, Patent Owner ("Owner") having a principle place of business at _____
(hereinafter sometimes individually referred to as "Party" and collectively referred to as the "Parties").

### Recitals

A.     Whereas Owner has evidence that Owner asserts establishes that DSFG infringed his patent (patent no. _____, the "Patent") with one or more products;

B.     Whereas DSFG denies infringing Owner's patent

C.     Whereas Owner and DSFG desire to have full and frank discussions regarding Owner's claim prior to the commencement of patent infringement litigation to avoid such litigation if possible ("Discussions");

D.     Whereas Owner and DSFG desire to preserve the litigation *status quo* for a short period of time to enable such Discussions;

### Now therefore the Parties agree as follows:

1.     In consideration for the mutual promises set forth herein, Owner and DSFG agree to a discussion period from the Effective Date of this Agreement through and including March 13, 2017 ("Discussion Period").

2.     DSFG agrees that it will not file any action against Owner's Patent or file any lawsuit against Owner for declaratory relief or otherwise until fourteen (14) calendar days after the expiration of the Discussion Period.

3.     Owner in consideration for DSFG agreeing to the Discussion Period, agrees that Owner will not file any lawsuit against DSFG for patent infringement or otherwise until seven (7) calendar days after the expiration of the Discussion Period.

4.     The Parties agree that the making of this Agreement shall not be used by either party for purposes of establishing venue or jurisdiction in the event the Parties are unable to resolve their differences without litigation.

5.     DSFG agrees that during the Discussion Period, and prior to any active lawsuit, it will not disclose the Patent, the Patent number, licenses and the name of Owner/inventor to any third party, other than its financial and legal advisors.

# Exhibit C



FITZPATRICK LENTZ & BUBBA
ATTORNEYS AT LAW

January 18, 2017
Page 2

3) Identify, with particularity, the claims you allege to be infringed and the corresponding elements of such product, which you allege constitute infringement;

4) Identify the true party in interest of your alleged claims; and

5) Specify your relationship to the true party in interest.

Absent the above information, DSFG does not have proper legal notice of any claim of infringement or a reasonable ability to evaluate your statements, claims, or proposal. Unless we receive this information by Friday, January 27, 2017, we will consider this matter closed.

Very truly yours,

Douglas Panzer



# FITZPATRICK LENTZ & BUBBA

ATTORNEYS AT LAW

FITZPATRICK LENTZ & BUBBA, P.C. · 4001 SCHOOLHOUSE LANE · PO BOX 219 · CENTER VALLEY, PA 18034-0219
STABLER CORPORATE CENTER · PHONE: 610-797-9000 · FAX: 610-797-6663 · WWW.FLBLAW.COM

Edward J. Lentz

Joseph A. Fitzpatrick, Jr.

Joseph A. Bubba

Timothy D. Charlesworth

Douglas J. Smillie*

Emil W. Kantra II

Joseph S. D'Amico, Jr.*

Michael R. Nesfeder

Catherine E. N. Durso

Jane P. Long

Erich J. Schock

James A. Bartholomew

Jacob H. Sitman*

Steven T. Boell

Joshua A. Gildea

Harie K. McConnell*

Anthony S. Rachuba, IV*

Karl H. Kline

Thomas J. Schlegel*

Barbara Zicherman†

Maraleen D. Shields

Abigail M. Martin

Colin J. Keefe†

Gretchen L. Geisser*

Kenneth R. Charette*

Mallory J. Sweeney*

Veronica M. DeAngelo

John A. Weiss

Peter E. Iorio

† Also admitted in New York
*Also admitted in New Jersey
# Registered Patent Attorney

E-mail:  dpanzer@flblaw.com
Direct Dial:  610-797-9000 ext 390

January 18, 2017

James G. Kellar
1927-2002

Douglas Panzer* #
Of Counsel
Intellectual Property Law

Albertina D. Lombardi*
Kathleen M. Mills
Of Counsel

**VIA EMAIL (davemts1213@gmail.com)**
"David"

## RE: Alleged Patent Infringement

Dear Sir:

This firm represents Dan Schantz Farm & Greenhouses, LLC ("DSFG"). DSFG has informed us that you contacted them by telephone on January 11, 2017, alleging that certain decorative planters sold by DSFG infringe a patent. We are also in receipt of a proposed "Litigation Standstill Agreement" that you delivered to DSFG by email on January 13, 2017, which purports to propose negotiations related to such allegation. Through your telephone call, email, and by the substance of the proposed agreement, however, you have expressly declined to identify yourself, any patent or patent application, any rights holder of a patent or patent application, or any features you allege to be claimed in any such patent or patent application.

Due to the intentional omission of material information in your telephone call, email, and the proposed Litigation Standstill Agreement, they fail to provide any legal notice to DSFG of a colorable claim. Furthermore, these communications are insufficient to permit DSFG to evaluate your allegation, or to properly consider or agree to the terms of your Litigation Standstill Agreement. Should you desire to discuss this matter further, you must:

1) Identify a valid United States patent you claim to be infringed or patent application that you claim would be infringed if issued;

2) Identify, with particularity, the products you allege to infringe such patent;

# Exhibit E

 Gmail

David mts <davemts1213@gmail.com>

---

## Dan Schantz Farm & Greenhouses, LLC

---

**David mts** <davemts1213@gmail.com>
To: Douglas Panzer <dpanzer@flblaw.com>

Mon, Jan 23, 2017 at 11:29 AM

Douglas,

Several days have passed since our phone communication, at this time has your client reconsidered moving forward with the standstill agreement?

Thanks,
David
[Quoted text hidden]

 Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**Douglas Panzer** <dpanzer@flblaw.com>
To: David mts <davemts1213@gmail.com>

Mon, Jan 23, 2017 at 12:23 PM

We are discussing the matter and will be back to you shortly.

**From:** David mts [mailto:davemts1213@gmail.com]
**Sent:** Monday, January 23, 2017 11:30 AM
**To:** Douglas Panzer <dpanzer@flblaw.com>
**Subject:** Fwd: Dan Schantz Farm & Greenhouses, LLC

[Quoted text hidden]
[Quoted text hidden]

 Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**David mts** <davemts1213@gmail.com>
To: Douglas Panzer <dpanzer@flblaw.com>

Wed, Jan 25, 2017 at 11:51 AM

Douglas,

Please provide me with an update today.

Thanks,
David
[Quoted text hidden]

 Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**Douglas Panzer** <dpanzer@flblaw.com>
To: David mts <davemts1213@gmail.com>

Wed, Jan 25, 2017 at 6:01 PM

As you may know, Dan Schantz had a serious fire earlier this month that caused major damage and disruption. I will have a substantive response for you as soon as possible.

**From:** David mts [mailto:davemts1213@gmail.com]
**Sent:** Wednesday, January 25, 2017 11:51 AM
**To:** Douglas Panzer <dpanzer@flblaw.com>

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

 **Gmail**

David mts <davemts1213@gmail.com>

---

## Dan Schantz Farm & Greenhouses, LLC

---

**David mts** <davemts1213@gmail.com>
To: Douglas Panzer <dpanzer@flblaw.com>

Mon, Jan 30, 2017 at 2:26 PM

Douglas,

Per the phone message I recently left.

I was not aware of the Fire.

As far as I understand from our conversation, you are making the decision as to weather or not your client will be signing the stand still agreement along with reviewing the materials and providing your recommendation.

Please let me know what time you are available to speak today.

Thanks,
David


[Quoted text hidden]

**M** Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**David mts** <davemts1213@gmail.com>
To: Douglas Panzer <dpanzer@flblaw.com>

Wed, Feb 1, 2017 at 11:45 AM

Douglas,

At this time,  please provide me with an update per your client entering into the standstill agreement.

Thanks,
David
[Quoted text hidden]

# Exhibit F

 Gmail                                                    David mts <davemts1213@gmail.com>

---

**Dan Schantz Farm & Greenhouses, LLC v. Catanzaro - Expiration of Unassigned Patent**

David mts <davemts1213@gmail.com>                              Thu, Feb 2, 2017 at 3:39 PM
To: Douglas Panzer <dpanzer@flblaw.com>
Cc: Dan Schantz Farm <info@danschantz.com>


Mr. Panzer,


I cannot tell you how upset, angry and disheartening I still am to find out that you on behalf of you
client filed a DR action  against me when I failed to provide any legal notice to your client of a
colorable claim as stated in your letter of 1/18/17.  NO oral or written controversy (as defined by
law) existed between me or your client at the time you filed the DR action or thereafter. Also, what
further enraged me is that from our phone conversation of 1.18.17 I was of the belief that there
was a a good faith understanding between us that you would be providing a further answer  per
your client entering into the standstill agreement and I would in return provide you with my full
name and any other reasonable consideration to move forward with the standstill agreement.
Being an officer of the court, you blatantly lied and filed the DR action continuing to "Play me" as
you sent me emails stating the Fire your client sustained was the reason for the delay
reconnecting with me. The clear representations you made on the 18th over the phone are
affirmed within your email responses. Your emails and letter will be apart of my response to the
court. Your letter is clear and correct, but your follow up emails will support your true intention to
deceive which is  adverse to the Rules of Professional Conduct and Rules of Civility. To further
show your lack of integrity, on 2/1/17 I called you after seeing the filed DR action online and I
stated among other things, that "you really tried to got one over on me...you're the man" and your
response in a most proud underhanded tone was: "I am the man."


If we cannot resolve this matter prior to me answering the complaint, I will be asking the court to
dismiss the action based on the fact that Personnel Jurisdiction is not proper and Declaratory
Judgment Jurisdiction is not proper. The bad faith you displayed as an officer of the court will
further support my position. I will also be filling a disciplinary action with the disciplinary board
regarding your False Representations along with the option of publishing it. (I have
previously brought a disciplinary action against an attorney representing my mother and that
attorney hired a firm to represent him in the matter but he ended up receiving discipline. From that
experience, I have established direct contact with one of the boards head case attorneys. (I will
provide you with a letter denoting the discipline that attorney received if you like.)


1.  I never stated how any product of your client infringed on any identified patent


2. I never identified any patent that your client was infringing.

3. I never asked for a licensing fee for any identified patent

4. I never stated that a lawsuit would be filed identifying a specific US patent.

5. I never identified who I was.

6. Your letter of 1/18/17 clearly states that I failed to provide any legal notice to your client of a colorable claim

Your client has not endured any of the following to substantiate a Controversy:

   1. The plaintiff must have suffered an injury in fact.

   2. There must be a causal connection between the injury and the defendant's conduct complained of.

   3. It must be "likely" that the injury would be redressed by a favorable decision.

Because of your deception and lies and your clients willingness to go along with it, I must consider releasing a press release and or taking out a page in a paper in your area about your client and how you went about representing them in this matter. I may also visit local news or radio stations to inform viewers in your area about my story and how to avoid patent traps such as Declaratory relief actions. I'm sure with the advent of the show shark tank people in your area would love to learn how a Christian PA native with a high school diploma married with three little girls was able to license with many international companies.

The PR release and newspaper write up may contain the following:

1. The head line may read:

   Several Weeks after major fire, Don Schantz Farm & Greenhouses, refuses olive branch extended by Christian Inventor and prefers litigation.

2. Douglas Panzer of Fitzpatrick Lentz & Bubba, P.C. agrees to open a dialog with christian inventor, makes promises in good faith to continue to communicate with him, but them immediately files suit against him. "Douglas Panzer acted in such a low manner of morality, he actually used the fire Don Schantz Farm & Greenhouses sustained in January as an excuse to delay responding to me so he could, at the same time file suit against me."

3. The website of Dan Schantz Farm & Greenhouses, LLC claims to be *"dedicated to providing a safe Christian environment for all employees with morality and honesty as the framework for all present and future plans."*

By allowing and condoning the immorality of Douglas Panzer and his blatant lies, Dan Schantz Farm & Greenhouses is promoting nothing less than pure secular anti Christianity and should take down their Christian statement... *for you will know them by their works.*

The above outline is just an example of what may be in a PR release or taken out in a page in a newspaper in your area along with calling local Christians to action. Prior to releasing anything I will engage a publicist.

As a Christian, I am very saddened that you were able to push me to such a defensive mind set. If you only acted in an ethical manner following through on your words and promises, this email and its objectives would not have been conceived or considered, but again, it is the result of your unhonest behavior and your client allowing it. To restate, none of the above should be considered a threat, but a necessary response as a result of you and your clients willingness to support your unethical action enacted by your lies and contempt for me.

Redacted

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAN SCHANTZ FARM & GREENHOUSES, LLC, | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | NO. 5:2017-cv-00403 |
| DAVID J. CATANZARO | : : | THE HONORABLE JEFFREY L. SCHMEHL |
| Defendant | : : | |

## SUPPLEMENTAL MEMORANDUM TO MOTION FOR DISCIPLINARY ACTION

Defendant David J. Catanzaro respectfully requests this court Grant Defendant's Motion for Disciplinary Action and presents this Supplemental Memorandum to Motion for Disciplinary Action in Response to Plaintiff's Prior Pleadings in opposition to Disciplinary Action.

Based on the facts contained within Defendant's Motion for Disciplinary Action and this Supplemental Memorandum, Defendant's Motion for Disciplinary Action should be GRANTED and Attorney Panzer's prior request for attorney's fees and costs associated with the preparation and filing of his prior pleading addressing this matter should be DENIED.

Defendant David J. Catanzaro asks this court to exercise its power to impose disciplinary action against Attorney Douglas Panzer, NOT in an effort to intimidate Plaintiff, intimidate Mr. Panzer, dissuade Mr. Panzer's representation of Plaintiff in this matter, and NOT to increase Defendant's own chances of extracting a financial settlement payment from Plaintiff,

1

but because of the ethical line Mr. Panzer crossed after entering into an oral agreement or covenant of understanding with Defendant then callously breaching it, which established a real showing of contempt for the Defendant.

Defendant takes offence when Plaintiff states that Defendant is a "serial litigant and the courts are his weapon of intimidation in seeking financial gain." Defendant takes pride in the patents he has obtained and the patent applications that will be issuing. It has taken near 25 years to obtain the totality of the several patents and applications applied for and obtained by Defendant. Defendant is NO patent troll. Defendant has never once bought portfolios of patents only to extract payment from others. Defendant is NO serial litigant but Plaintiff tries to further influence the court with the fact that Defendant has been involved with several infringement actions that took place in 2015. Defendant only was involved with those actions because Defendant believed he was compelled to file them as a direct result of an order handed down by Federal Judge Dan Aaron Polster in Case No. 1:13 CV 996 (Refer to **Exhibit G**). As soon as Case No. 1:13 CV 996 settled, Defendant dismissed each and every one of those referenced lawsuits. Mr. Panzer further states in Prior Pleadings that Defendant has been involved in (4) Magisterial matters since 2010. If this court would like to discuss the merits of those matters, Defendant welcomes the Courts inquiry. Defendant asserts that it is Attorney Panzer who makes his career out of using the courts as his weapon to manipulate. (This assertion is based on Mr. Panzer's unethical actions taken in this matter.)

Defendant ADIMITLY DENIES the statements made by Mr. Panzer when he says the public record of this matter is a showing of contempt toward Mr. Panzer by Defendant and Defendant's ability to show value of his patent is diminished as a result thereof. As already stated by Plaintiff, and shown in Plaintiff's First Amended Complaint exhibits, there is already public record several

2

other times in Federal court of the '959 patent. Defendant further stated that this "public record'

is the reason Defendant filed his Motion for Disciplinary Action as this public record caused the

"manifestation of his anger." If this accusation had any merit, Defendant would have filed

Disciplinary Actions against the attorney for Plaintiff Blue Box which filed a LIGITAMITE

Declaratory Judgment Action against Defendant as cited within plaintiff's amended complaint.

This is another desperate attempt by Plaintiff to delegitimize Defendant and Defendant's Motion

for Disciplinary action.

Defendant submits that his present Motions should be granted as they correctly state the oral

agreement or covenant of understanding between the parties and the email communication's

**(Exhibit E)** accurately support the facts as presented by Defendant. It is Mr. Panzer who is an

experienced serial litigator and has a degree and career to support that charge unlike Defendant

who has been involved in only several IP actions within the last 50 years of his life. Mr. Panzer

is completely unbridled by the fact that Defendant is standing up for his rights and accurately

addressing this court with the facts. After filing this action, Mr. Panzer directly stated to

Defendant that **"He is the man."** Plaintiff filed this frivolous action and he himself has incurred

"the costs associated with the present matter" for his client and for costs incurred by Defendant.

Defendant has asked this court for exemplary damages.

Defendant's subject matter jurisdiction challenge is proper and should be granted. It is Mr.

Panzer who acts in an intimidating fashion, Defendant hopes that this court will 'acknowledge'

Mr. Panzer's 'intent to deceive behavior' of which constituted a very strong showing of 'Bad

Faith' which is completely adverse with the Rules of Professional Conduct and Rules of Civility.

As an officer of the court, Mr. Panzer has also demonstrated complete contempt toward

Defendant as a result of his malicious, grossly reckless actions and conduct associated with this

3

matter. An agreement or covenant of understanding was reached between the Defendant and Plaintiff's attorney Douglas Panzer during a conversation of 1-18-17 when attorney Panzer agreed, promised and reassured Defendant that he would recommend to his client (the Plaintiff), to enter into the Litigation Standstill Agreement and respond back to Defendant with respect to his clients response to entering into said agreement. In return, Defendant would disclose his full legal name prior to Plaintiff signing said agreement. After the agreement was signed, Defendant then would fully disclose all pertinent information regarding the matter with the goal of Defendant and Plaintiff reaching a resolution without having any legal entanglements. Plaintiff asserts in Prior Pleadings that Defendant continued to "leverage his anonymity in negotiating a financial payoff from Plaintiff." This action was first filed on 1-27-17 and Mr. Panzer identified Defendant's full legal name within the filing of this action. It is a clear LIE by Mr. Panzer when he asserts Defendant "leveraged his anonymity in negotiating a financial payoff from Plaintiff". Defendant's identity was fully known when Defendant made his first demand for compensation mainly for 'Pain & Suffering' as a direct result of the filling of this *frivolous* lawsuit by Mr. Panzer and for his 'Bad Faith' conduct associated thereto. (Defendant suffers from health issues and has been taking lifesaving medication on a daily bases since 2013-2014).

Defendant has made this Pain & Suffering settlement demand only AFTER this suit was filed and the demand was first made in Defendant's email to Plaintiff of 2-2-17 **(Exhibit F)** denoted herein. THE SETTLEMENT DEMAND WAS MADE BASED ON A DIRECT REQUEST BY ATTORNEY PANZER. As denoted in Defendant's Brief in Support of Motion to Dismiss Plaintiff's First Amended Complaint and in the accompanying Supplemental Memorandum to Brief in Support of Motion to Dismiss Plaintiff's First Amended Complaint, Defendant was completely caught off guard when Mr. Panzer filed this baseless action in bad

4

faith after entering into the oral agreement and covenant of understanding with Defendant. After finding out about the filing of this action, Defendant expressed his complete disappointment with Mr. Panzer during the phone call on 2-1-17, and Mr. Panzer made several telling statements as to why he really filed this action, as already denoted within Defendant's Brief in Support of Motion to Dismiss Plaintiff's First Amended Complaint. What has not been stated in Defendant's brief is that Mr. Panzer further stated the following several times within the 2-1-17 conversation: "David you want money...You want money right?...Just let me know how much money you want." Mr. Panzer's instruction led Defendant to submit a demand to Plaintiff as stated and redacted in the 2-2-17 email **(Exhibit F)**. In Prior Pleadings Plaintiff has referenced a "partial log of telephone calls between Defendant and Attorney Panzer, evidencing Defendant's abuse of the telephone system for the purposes of avoiding identification, whereby Mr. Catanzaro "spoofs" his caller ID, in violation of the federal Truth in Caller ID Act." This log is COMPLETELY INACCUERATE. Plaintiff shows the "partial' log having 21 calls and Plaintiff asserts Defendant's "abuse of the telephone system for the purposes of avoiding identification". Defendant will again prove to the court a more 'truthful assessment' of the facts. Defendant admits he used a third party number during the first call to Mr. Panzer and admitted that in **Exhibit D** as denoted in Plaintiff's Brief in Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff's area code is 610 and Plaintiff used that area code during the first call to Mr. Panzer one time on 1-18-17. During that call Plaintiff and Defendant entered into the stated oral agreement. Plaintiff filed this action on 1-27-17 fully aware of Plaintiff's last name. Plaintiff found out about the filed action on 2-1-17 and as stated, Defendant and Plaintiff had a conversation on that day. As the log details, Defendant used his CORRECT number on 2-1-17 AND EVERY TIME THEREAFTER. The log correctly shows the true number of calls by

5

Defendant as being 9 from 1-18-17 to 3-16-17 not 21. And about half of the 9 calls were less then 45 seconds denoting that Mr. Panzer did not answer the call or Defendant left a message. Plaintiff again is trying to confuse this court in an all-out effort to rule in Plaintiff's favor. None of the calls on plaintiff's log are Defendant's other than the 570-282-4889 numbers and the one other on 1-18-17. Having to take the time to 'unweave' these deceptive allegations further shows Mr. Panzer's Contempt for Defendant and the level of ease it is for Mr. Panzer to try to deceive this court.

Mr. Panzer asserted in Prior Pleadings that Defendant acted in an unlawful manner when be provided only his first name and a third party phone number during Defendant's first call to Mr. Panzer. Defendant categorically rejects this assertion and in NO way intended or committed any fraud, harm or wrongfully obtained anything of value from Plaintiff or Plaintiff's Attorney.

It is Attorney Panzer who denies the actual facts surrounding this matter and Defendant has revealed Mr. Panzer's plots to twist and contort almost any material fact associated with this matter. It is Mr. Panzer that is a practitioner of "sword and shield" strategies as demonstrated within the fillings of this suite. All Defendant wanted to do is open up a dialog with Plaintiff within the context of a written agreement. Defendant is not a "serial Litigant" and made a "good faith" effort with Plaintiff to avoid any and legal actions.

Mr. Panzer truly acted in Bad Faith when he filed this frivolous action and beached the oral agreement entered into with Defendant of which Defendant had Reliance. Mr. Panzer's client allowed him to do so or went along with his "plot" as revealed within Mr. Panzer's email of 1-23-17 (contained within **Exhibit E**) wherein he states: "We are discussing the matter and will be back to you shortly." Mr. Panzer never got back to Defendant and filed this action but 5

6

days later. Defendant had every right to express his anger and disappointment with plaintiff as expressed within Defendant's 2-2-17 email (**Exhibit F**). To date, Defendant has not followed through on any of the public actions contained therein.

It is clear and apparent that Mr. Panzer has breached the Pennsylvania Rules of Professional Conduct and "made false statements of material fact" as revealed within Defendant's current filings and contained herein. Mr. Panzer has NOT been truthful when dealing with Defendant which is contrary to PA ST RPC Rule 4.1. By Attorney Panzer preparing and filling this action during the time Defendant relied on Plaintiff's response with respect to an oral agreement between the parties, is nothing less than egregious and completely adverse to PA ST RPC Rule 4.1. Mr. Panzer has tested the limits of zealous representation and has exceeded the limits of fair dealing in this matter.

Mr. Panzer did enter into a 'reality' based agreement or covenant of understanding with Defendant and part of that agreement was that Mr. Panzer would recommend to his client enter into the Standstill agreement of which Defendant had a reliance on Mr. Panzer's response regarding the outcome of said recommendation. Mr. Panzer has used the misfortunate fire experienced by his client as a delay tactic in getting back to Defendant all in an effort to prepare and file this action and the following facts provided within the emails of (**Exhibit E**) prove this fact.

1. Email by Defendant to Mr. Panzer 1-23-17 "Several days have passed since our phone communication, at this time has your client reconsidered moving forward with the standstill agreement?"

2. Response Email by Mr. Panzer 1-23-17 "We are discussing the matter and will be back to you Shortly"

3. Email by Defendant to Mr. Panzer 1-25-17 "Please provide me with an update today."

7

4. Response Email by Mr. Panzer 1-25-17 "As you may know, Dan Schantz had a serious fire earlier this month that caused major damage and disruption. I will have a substantive response for you as soon as possible".

5. Email by Defendant to Mr. Panzer 1-30-17 "As far as I understand from our conversation, you are making the decision as to weather or not your client will be signing the stand still agreement along with reviewing the materials <u>and providing your recommendation.</u> Please let me know what time you are available to speak today."

6. Email by Defendant to Mr. Panzer 2-1-17 "At this time, please provide me with an update <u>per your client entering into the standstill agreement.</u>"

Within Prior Pleadings Mr. Panzer admits be provided "advice and counsel to his client."

In Mr. Panzer's email of 1-23-17 he admits that he spoke to his client. "We are discussing the matter and will be back to you Shortly" (We: Client and I) are discussing the matter and will be back to you Shortly). Then on 1-25-17 Mr. Panzer states "As you may know, Dan Schantz had a serious fire earlier this month that caused major damage and disruption. I will have a substantive response for you as soon as possible". Then two days later Mr. Panzer filed this action. From the time Mr. Panzer spoke to his Client on 1-23-17 the wheels were already set into motion to file this action on 1-27-17. Again, in Prior Pleadings Defendant tries to manipulate the court by providing a number of articles regarding the fire to gain sympathy of this court, whereby the court will move on emotion and not on the plain facts as presented by Defendant.

Mr. Panzer states that Defendant's email of 1-30-17 (contained within **Exhibit E**) is inconsistent with the above stated agreement when Defendant states in that email: "as far as I understand from our conversation, you are making the decision as to whether or not your client will be signing the stand still agreement." Defendant adamantly DENIES this accretion. This

8

email was sent 12 days after the parties entered into the above stated agreement and Defendant began to question the integrity of Mr. Panzer, hence the stronger tone. Mr. Panzer deliberately leaves out the last several words of the above quoted statement. Defendant includes those words as follows:

*"as far as I understand from our conversation, you are making the decision as to whether or not your client will be signing the stand still agreement along with reviewing the materials **and** providing your recommendation. "* (Emphases on the words 'providing your recommendation')

This email is completely consistent with the facts provided with regards to the oral agreement or covenant of understand reached between the parties. The lines of communication exchanged within the emails of **Exhibit E** are undeniable facts which strongly support the oral agreement between the parties as outlined by Defendant.

Defendant asserts that there was a "meeting of the minds" with respect to the oral agreement between the parties and nothing was left open. Mr. Panzer has stated that he made it clear that "the proposed LSA was, by its terms, unacceptable due to the fact that Mr. Catanzaro would be granted an exclusive seven-day period which he could file suit against DSF&G..." This is not TRUE. Defendant has established by and through its pleadings that an oral agreement existed between the parties and nothing was left open. Defendant has further established by and through its pleadings, that Mr. Panzer never intended to follow through on the oral agreement. Mr. Panzer only agreed to enter into the oral agreement with Defendant to 'Buy Time' to file this action. These continued false statements by Mr. Panzer continue to shed light on the full extent he will go to, to try to mislead this court.

Mr. Panzer makes reference to notations and continues to state that the LSA was unacceptable to allow his client to enter into. Defendant again refers to the totality of its pleadings and to the

9

email communications within **Exhibit E** to completely repudiate this assertion. An oral agreement was entered into between Defendant and plaintiff's attorney and plaintiff's attorney only agreed to enter into it with Defendant to 'Buy Time' to file this baseless action. Plaintiff's Attorney had a duty to Defendant to "Recommend and Respond" as defined in the stated oral agreement and never fulfilled his commitment, but rather used the agreement to 'Buy Time' to file this baseless action. Defendant relied on Mr. Panzer to fulfill his commitment which in BAD FAITH he breached. Defendant respectfully request this honorable court to apply necessary discipline to Mr. Panzer.

Attorney Panzer and Defendant did have a contract-type 'meeting of the minds' and nothing was left open for future negotiations. Mr. Panzer agreed to "Recommend and Respond" which never consummated. Again Mr. Panzaer was to "Recommend" to his client enter into the LSA and then "Respond" to Defendant the outcome. Mr. Panzer never fulfilled his commitment, but rather used the agreement to 'Buy Time' to file this baseless action. Defendant relied on Mr. Panzer to fulfill his commitment. Mr. Panzer's 'intent to deceive behavior' constitutes a very strong showing of 'Bad Faith' which is completely adverse with the Rules of Professional Conduct and Rules of Civility. As an officer of the court, Mr. Panzer has also demonstrated complete contempt toward Defendant as a result of his malicious, grossly reckless actions and conduct.

As discussed at length above, Attorney Panzer has not comported himself within the bounds of the Rules of Professional Conduct in the present matter. His actions have not been reasonable nor honest and crossed an ethical line while representing his client. The present Motion for Disciplinary Action is based on fact and supported by law. Mr. Panzer carelessly moved forward with the filing of this action and has shown contempt toward Defendant. Moreover, these actions

10

by Mr. Panzer have been undertaken in a dishonest and disrespectful way. Mr. Panzer's 'intent to deceive behavior' constitutes a very strong showing of 'Bad Faith' which is completely adverse with the Rules of Professional Conduct and Rules of Civility. As an officer of the court, Mr. Panzer actions have also been malicious and grossly reckless. Defendant respectfully request this honorable court to apply necessary discipline to Mr. Panzer and grant Defendant's Motion for Disciplinary action and order the Plaintiff Douglas Panzer to pay attorney's fees and cost associated with the preparation and filing of this Supplemental Memorandum and Motion for Disciplinary Action..

Respectfully submitted,                                    Dated: April 27, 2017

*s/ David J. Catanzaro*
David J. Catanzaro
Defendant *Pro Se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 282-4889
E-mail: davidjosephus@aol.com

11

## CERTIFICATE OF SERVICE

I, David Catanzaro, hereby certify that a true and correct copy of the forgoing Supplemental

Memorandum to Motion for Disciplinary Action was sent by First Class Mail to the United States

District Court for the Eastern District of Pennsylvania and served via First Class Mail upon

Plaintiff this 27th day of April 2017 to the following person:


DAN SCHANTZ FARM &
GREENHOUSES, LLC
c/o DOUGLAS PANZER
FITZPATRICK LENTZ & BUBBA
4001 Schoolhouse Lane
Center Valley, PA 18034


*s/ David J. Catanzaro*
David J. Catanzaro

# Exhibit E

 Gmail             David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**David mts** <davemts1213@gmail.com>             Mon, Jan 23, 2017 at 11:29 AM
To: Douglas Panzer <dpanzer@flblaw.com>

Douglas,

Several days have passed since our phone communication, at this time has your client reconsidered moving forward with the standstill agreement?

Thanks,
David
[Quoted text hidden]

 **Gmail**

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**Douglas Panzer** <dpanzer@flblaw.com>
To: David mts <davemts1213@gmail.com>

Mon, Jan 23, 2017 at 12:23 PM

We are discussing the matter and will be back to you shortly.

**From:** David mts [mailto:davemts1213@gmail.com]
**Sent:** Monday, January 23, 2017 11:30 AM
**To:** Douglas Panzer <dpanzer@flblaw.com>
**Subject:** Fwd: Dan Schantz Farm & Greenhouses, LLC

[Quoted text hidden]
[Quoted text hidden]

 Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**David mts** <davemts1213@gmail.com>
To: Douglas Panzer <dpanzer@fiblaw.com>

Wed, Jan 25, 2017 at 11:51 AM

Douglas,

Please provide me with an update today.

Thanks,
David
[Quoted text hidden]

 Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**Douglas Panzer** <dpanzer@flblaw.com>
To: David mts <davemts1213@gmail.com>

Wed, Jan 25, 2017 at 6:01 PM

As you may know, Dan Schantz had a serious fire earlier this month that caused major damage and disruption. I will have a substantive response for you as soon as possible.

**From:** David mts [mailto:davemts1213@gmail.com]
**Sent:** Wednesday, January 25, 2017 11:51 AM
**To:** Douglas Panzer <dpanzer@flblaw.com>

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

 Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC

**David mts** <davemts1213@gmail.com>                                               Mon, Jan 30, 2017 at 2:26 PM
To: Douglas Panzer <dpanzer@flblaw.com>

Douglas,

Per the phone message I recently left.

I was not aware of the Fire.

As far as I understand from our conversation, you are making the decision as to weather or not your client will be signing the stand still agreement along with reviewing the materials and providing your recommendation.

Please let me know what time you are available to speak today.

Thanks,
David

[Quoted text hidden]

 Gmail

David mts <davemts1213@gmail.com>

---

## Dan Schantz Farm & Greenhouses, LLC

**David mts** <davemts1213@gmail.com>
To: Douglas Panzer <dpanzer@flblaw.com>

Wed, Feb 1, 2017 at 11:45 AM

Douglas,

At this time, please provide me with an update per your client entering into the standstill agreement.

Thanks,
David
[Quoted text hidden]

# Exhibit F

 Gmail

David mts <davemts1213@gmail.com>

## Dan Schantz Farm & Greenhouses, LLC v. Catanzaro - Expiration of Unassigned Patent

**David mts** <davemts1213@gmail.com>
To: Douglas Panzer <dpanzer@flblaw.com>
Cc: Dan Schantz Farm <info@danschantz.com>

Thu, Feb 2, 2017 at 3:39 PM

Mr. Panzer,

I cannot tell you how upset, angry and disheartening I still am to find out that you on behalf of you client filed a DR action against me when I failed to provide any legal notice to your client of a colorable claim as stated in your letter of 1/18/17. NO oral or written controversy (as defined by law) existed between me or your client at the time you filed the DR action or thereafter. Also, what further enraged me is that from our phone conversation of 1.18.17 I was of the belief that there was a a good faith understanding between us that you would be providing a further answer per your client entering into the standstill agreement and I would in return provide you with my full name and any other reasonable consideration to move forward with the standstill agreement. Being an officer of the court, you blatantly lied and filed the DR action continuing to "Play me" as you sent me emails stating the Fire your client sustained was the reason for the delay reconnecting with me. The clear representations you made on the 18th over the phone are affirmed within your email responses. Your emails and letter will be apart of my response to the court. Your letter is clear and correct, but your follow up emails will support your true intention to deceive which is adverse to the Rules of Professional Conduct and Rules of Civility. To further show your lack of integrity, on 2/1/17 I called you after seeing the filed DR action online and I stated among other things, that "you really tried to got one over on me...you're the man" and your response in a most proud underhanded tone was: "I am the man."

If we cannot resolve this matter prior to me answering the complaint, I will be asking the court to dismiss the action based on the fact that Personnel Jurisdiction is not proper and Declaratory Judgment Jurisdiction is not proper. The bad faith you displayed as an officer of the court will further support my position. I will also be filling a disciplinary action with the disciplinary board regarding your False Representations along with the option of publishing it. (I have previously brought a disciplinary action against an attorney representing my mother and that attorney hired a firm to represent him in the matter but he ended up receiving discipline. From that experience, I have established direct contact with one of the boards head case attorneys. (I will provide you with a letter denoting the discipline that attorney received if you like.)

1. I never stated how any product of your client infringed on any identified patent

2. I never identified any patent that your client was infringing.

3. I never asked for a licensing fee for any identified patent

4. I never stated that a lawsuit would be filed identifying a specific US patent.

5. I never identified who I was.

6. Your letter of 1/18/17 clearly states that I failed to provide any legal notice to your client of a colorable claim

Your client has not endured any of the following to substantiate a Controversy:

1. The plaintiff must have suffered an injury in fact.

2. There must be a causal connection between the injury and the defendant's conduct complained of.

3. It must be "likely" that the injury would be redressed by a favorable decision.

Because of your deception and lies and your clients willingness to go along with it, I must consider releasing a press release and or taking out a page in a paper in your area about your client and how you went about representing them in this matter. I may also visit local news or radio stations to inform viewers in your area about my story and how to avoid patent traps such as Declaratory relief actions. I'm sure with the advent of the show shark tank people in your area would love to learn how a Christian PA native with a high school diploma married with three little girls was able to license with many international companies.

The PR release and newspaper write up may contain the following:

1. The head line may read:

Several Weeks after major fire, Don Schantz Farm & Greenhouses, refuses olive branch extended by Christian Inventor and prefers litigation.

2. Douglas Panzer of Fitzpatrick Lentz & Bubba, P.C. agrees to open a dialog with christian inventor, makes promises in good faith to continue to communicate with him, but them immediately files suit against him. "Douglas Panzer acted in such a low manner of morality, he actually used the fire Don Schantz Farm & Greenhouses sustained in January as an excuse to delay responding to me so he could, at the same time file suit against me."

3. The website of Dan Schantz Farm & Greenhouses, LLC claims to be *"dedicated to providing a safe Christian environment for all employees with morality and honesty as the framework for all present and future plans."*

By allowing and condoning the immorality of Douglas Panzer and his blatant lies, Dan Schantz Farm & Greenhouses is promoting nothing less than pure secular anti Christianity and should take down their Christian statement... *for you will know them by their works.*

The above outline is just an example of what may be in a PR release or taken out in a page in a newspaper in your area along with calling local Christians to action. Prior to releasing anything I will engage a publicist.

As a Christian, I am very saddened that you were able to push me to such a defensive mind set. If you only acted in an ethical manner following through on your words and promises, this email and its objectives would not have been conceived or considered, but again, it is the result of your unhonest behavior and your client allowing it. To restate, none of the above should be considered a threat, but a necessary response as a result of you and your clients willingness to support your unethical action enacted by your lies and contempt for me.

Redacted

# Exhibit G

Case: 1:13-cv-00996-DAP Document Filed: 12/04/2013. Page 49 of 52

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID CATANZARO,** | ) | **CASE NO. 1:13CV996** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **SEAMAN GARSON LLC/LLP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

On May 2, 2013, Plaintiff David Catanzaro initiated a legal malpractice action against the

Defendants by filing a Complaint in this Court. Catanaro alleges that he suffered damages as a

result of the Defendants' "failure to properly represent" him in a patent infringement action that

he filed in the Middle District of Pennsylvania, *Catanzaro v. Procter & Gamble,* et al, Case No.

3:09cv2231 (the "Pennsylvania Action"). Specifically, Plaintiff alleges that he was induced to

enter into a Patent Purchases, Assignment and Settlement Agreement which caused him to

alienate his interest in U.S. Patent No. 6, 026,532 ("the '532 Patent") and give up his interest in a

continuation patent, U.S. Patent No. 7, 653,959 ("the '959 Patent"). As part of this settlement

agreement, Plaintiff alleges that he was advised by his lawyers to agree to "sell and assign all

right, title and interest in the '532 Patent to Church and Dwight" and to grant a non-exclusive

use license to Proctor & Gamble and Church & Dwight under the '959 Patent.

Plaintiff alleges that after the parties settled the Pennsylvania Action he continued to

bring infringement claims in connection with the '959 patent. Plaintiff alleges that in May 2012,

while he was negotiating an infringement claim against Elmer's Products, Inc., ("Elmer") he was

informed by Elmer's attorney that he lost his rights in the '959 Patent. According to Catanzaro, the attorney told him that the '959 Patent had a "Terminal Disclaimer" which rendered his '959 Patent unenforceable because it required that the '532 and '959 Patents be jointly owned. Based on what this attorney allegedly told him, Catanzaro filed the instant malpractice case, contending that Defendants never advised him he would lose the right to enforce his '959 Patent when he settled the Pennsylvania Action.

The Court has determined that this case cannot be litigated in its current posture. Plaintiff Catanzaro is seeking damages from his former counsel for the loss of his '959 Patent rights, alleging that his patent is no longer enforceable due to the Terminal Disclaimer. The problem with this claim is that there has been no judicial determination that Catanzaro cannot enforce the '959 Patent. Defendants maintain that the patent is still enforceable, and until recently, Catanzaro has been enforcing it.

Federal courts cannot issue advisory opinions. *See Bowler v. Young,* 55 F. App'x 187, 188 (4th Cir. 2003) ( "In order for a federal court to exercise jurisdiction over an action, the dispute must satisfy the case or controversy requirement of Article III of the Constitution. A case or controversy exists if the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests. [T]he court may not issue what amounts to an advisory opinion on what the law would be under a hypothetical set of facts."). As part of his case, Catanzaro wants this court to invalidate his '959 Patent, or to hold that he has lost the right to enforce it, but there is nobody in this case who is allegedly infringing his patent and maintaining that Catanzaro has lost his right to enforce it. To be entitled to damages against his former counsel, Catanzaro must demonstrate that he has lost the right to enforce his patent due to Defendants' malpractice in

-2-

connection with the Terminal Disclaimer. Since Defendants maintain that Catanzaro has not lost the right to enforce his '959 Patent, the only way this issue can be decided is through a true adversarial proceeding, one in which the plaintiff (Catanzaro) seeks to enforce his patent, and the defendant (someone using Catanzaro's patent) defends on the basis that Catanzaro has lost the right to enforce it. If Catanzaro prevails in his patent litigation, his malpractice case against his former attorneys evaporates. If a court should determine in the patent litigation that Catanzaro cannot enforce the '959 Patent on some basis other than the Terminal Disclaimer, Catanzaro's malpractice case against his former attorneys also evaporates. If, however, Catanzaro loses his patent enforcement case on the basis of the Terminal Disclaimer, then he has a basis to refile his malpractice case against his former attorneys.

Accordingly, this case is dismissed without prejudice. The Court tolls the statute of limitations as of today for a period of six months (June 12, 2015) to permit Catanzaro to file a patent enforcement action against an alleged infringer. Should Catanzaro file such an action, the tolling of the statute of limitations will remain in place until there is a final judgment in the patent enforcement litigation.

IT IS SO ORDERED.

*/s/ Dan A. Polster    December 15, 2014*
**Dan Aaron Polster**
**United States District Judge**

-3-



David Catanzaro
Defendent *Pro Se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 282-4889

U.S. POSTAGE
PAID
CARBONDALE, PA
18407
APR 27 17
AMOUNT

**$7.20**
R2305K141831-04

1005          18101

**PRIORITY**
**MAIL ★**

**TRACKED**
★ ★ ★
**INSURED**
★

UNITED STATES
POSTAL SERVICE®

mestic Use Only
Label 107R, July 2013

US Court House and Federal Building
The Clerk's Office Suite 1601
504 West Hamilton Street
Allentown, PA 18101

Expected Delivery Day: 04/29/2017
**USPS TRACKING NUMBER**

9505 5124 1082 7117 0729 72