# EXHIBIT B

**Douglas Panzer**

| | |
|---|---|
| **From:** | David mts <davemts1213@gmail.com> |
| **Sent:** | Thursday, February 02, 2017 3:40 PM |
| **To:** | Douglas Panzer |
| **Cc:** | Dan Schantz Farm |
| **Subject:** | Re: Dan Schantz Farm & Greenhouses, LLC v. Catanzaro - Expiration of Unassigned Patent |

Mr. Panzer,

I cannot tell you how upset, angry and disheartening I still am to find out that you on behalf of you client filed a DR action against me when I failed to provide any legal notice to your client of a colorable claim as stated in your letter of 1/18/17. NO oral or written controversy (as defined by law) existed between me or your client at the time you filed the DR action or thereafter. Also, what further enraged me is that from our phone conversation of 1.18.17 I was of the belief that there was a a good faith understanding between us that you would be providing a further answer per your client entering into the standstill agreement and I would in return provide you with my full name and any other reasonable consideration to move forward with the standstill agreement. Being an officer of the court, you blatantly lied and filed the DR action continuing to "Play me" as you sent me emails stating the Fire your client sustained was the reason for the delay reconnecting with me. The clear representations you made on the 18th over the phone are affirmed within your email responses. Your emails and letter will be apart of my response to the court. Your letter is clear and correct, but your follow up emails will support your true intention to deceive which is adverse to the Rules of Professional Conduct and Rules of Civility. To further show your lack of integrity, on 2/1/17 I called you after seeing the filed DR action online and I stated among other things, that "you really tried to got one over on me…you're the man" and your response in a most proud underhanded tone was: "I am the man."

If we cannot resolve this matter prior to me answering the complaint, I will be asking the court to dismiss the action based on the fact that Personnel Jurisdiction is not proper and Declaratory Judgment Jurisdiction is not proper. The bad faith you displayed as an officer of the court will further support my position. I will also be filling a disciplinary action with the disciplinary board regarding your False Representations along with the option of publishing it. ==(I have previously brought a disciplinary action against an attorney representing my mother and that attorney hired a firm to represent him in the matter but he ended up receiving discipline. From that experience, I have established direct contact with one of the boards head case attorneys. (I will provide you with a letter denoting the discipline that attorney received if you like.)==

1. I never stated how any product of your client infringed on any identified patent

2. I never identified any patent that your client was infringing.

3. I never asked for a licensing fee for any identified patent

4. I never stated that a lawsuit would be filed identifying a specific US patent.

5. I never identified who I was.

1

6. Your letter of 1/18/17 clearly states that I failed to provide any legal notice to your client of a colorable claim

Your client has not endured any of the following to substantiate a Controversy:
1. The plaintiff must have suffered an injury in fact.

2. There must be a causal connection between the injury and the defendant's conduct complained of.

3. It must be "likely" that the injury would be redressed by a favorable decision.

Because of your deception and lies and your clients willingness to go along with it, I must consider releasing a press release and or taking out a page in a paper in your area about your client and how you went about representing them in this matter. I may also visit local news or radio stations to inform viewers in your area about my story and how to avoid patent traps such as Declaratory relief actions. I'm sure with the advent of the show shark tank people in your area would love to learn how a Christian PA native with a high school diploma married with three little girls was able to license with many international companies.

The PR release and newspaper write up may contain the following:

1. The head line may read:

Several Weeks after major fire, Don Schantz Farm & Greenhouses, refuses olive branch extended by Christian Inventor and prefers litigation.

2. Douglas Panzer of Fitzpatrick Lentz & Bubba, P.C. agrees to open a dialog with christian inventor, makes promises in good faith to continue to communicate with him, but them immediately files suit against him. "Douglas Panzer acted in such a low manner of morality, he actually used the fire Don Schantz Farm & Greenhouses sustained in January as an excuse to delay responding to me so he could, at the same time file suit against me."
   3. The website of Dan Schantz Farm & Greenhouses, LLC claims to be *"dedicated to providing a safe Christian environment for all employees with morality and honesty as the framework for all present and future plans."*

By allowing and condoning the immorality of Douglas Panzer and his blatant lies, Dan Schantz Farm & Greenhouses is promoting nothing less than pure secular anti Christianity and should take down their Christian statement... *for you will know them by their works.*

The above outline is just an example of what may be in a PR release or taken out in a page in a newspaper in your area along with calling local Christians to action. Prior to releasing anything I will engage a publicist.

As a Christian, I am very saddened that you were able to push me to such a defensive mind set. If you only acted in an ethical manner following through on your words and promises, this email and its objectives would not have been conceived or considered, but again, it is the result of your unhonest behavior and your client

allowing it. To restate, none of the above should be considered a threat, but a necessary response as a result of you and your clients willingness to support your unethical action enacted by your lies and contempt for me.

The following settlement offer is governed under FRE 408

REDACTED (FRE 408)

On Wed, Feb 1, 2017 at 7:23 PM, Douglas Panzer <dpanzer@flblaw.com> wrote:

David,

While I do not agree with your legal assessment, let's assume for the sake of discussion that you are correct.

1) During what period do you believe the '959 patent was valid and enforceable?

2) During what period are you alleging infringement against Dan Schantz Farm & Greenhouses?

3) What do you believe is a reasonable royalty during that period?

DOUGLAS PANZER | REGISTERED PATENT ATTORNEY | FITZPATRICK LENTZ & BUBBA, P.C.

4001 Schoolhouse Lane, Center Valley, PA 18034

Tel: (610) 797-9000, ext. 390 | Fax: (610) 797-6663

Administrative Assistant: Stephanie Wentzel, ext. 378

Email| Admin Email| Website | Bio| LinkedIn

From: David mts [mailto:davemts1213@gmail.com]
Sent: Wednesday, February 01, 2017 7:16 PM

3

**To:** Douglas Panzer <dpanzer@flblaw.com>
**Subject:** Re: Dan Schantz Farm & Greenhouses, LLC v. Catanzaro - Expiration of Unassigned Patent

Douglas,

In Merck the terminal disclaimer reads as follows:

[I]t is agreed (pursuant to the Commission's notice appearing at 860 O.G. 661-2) that the patent issuing on [this] application ... <u>shall expire immediately if it ceases to be commonly owned with the patents issuing on applications serial nos. 605,171, 695,332, 635,362, and 605,154 [the four other patents].</u>

<u>In the terminal disclaimer with my 959 patent it clearly says the following:</u>

*...The owner hereby agrees that any patent so granted on the patent application <u>shall be enforceable</u> only for and durning such period that it and the prior patent are commonly owned.*

*The words "Enforceable" (in my terminal disclaimer) Verses the words "Expire Immediately" will make all the difference when arguing the enforsability of the commonly owned 959 patent.*

*Please go the the below link after reviewing the below paragraph.*

*http://openjurist.org/774/f2d/483/merck-co-inc-v-us-international-trade-commission*

21 2. The provision in the terminal disclaimer that the '284 patent would "expire immediately" if it ceased to be commonly owned with the other four patents conformed to the requirements of the Patent and Trademark Office that were in effect when the disclaimer was filed. Commissioner's Notice, 848 O.G. 1 (Feb. 14, 1968). See generally In re Van Ornum, 686 F.2d 937, 214 USPQ 761 (CCPA 1982). An amendment to 37 C.F.R. Sec. 1.321 (1971), **effective April 30, 1971, changed this requirement to provide that disclaimers need state only that the patent be unenforceable during the period it is not commonly owned with the other patents recited in the disclaimer. This amendment was publicly proposed at 35 Fed.Reg. 20,012 (1970) and published at 36 Fed.Reg. 7312 (1971), both before the date on which the '284 patent issued. Sumitomo, however, never attempted to have the language of its disclaimer changed to incorporate this new and less severe standard.**

Emphasis on the words: "new and less severe standard."

The langue of the terminal disclaimer of the 959 patent is unambiguous, the 959 pant will be enforceable when commonly owned.

I look forward to your response.

Thanks,

David

On Wed, Feb 1, 2017 at 4:16 PM, Douglas Panzer <dpanzer@flblaw.com> wrote:

Mr. Catanzaro,

As discussed on our telephone call a few minutes ago, I am attaching the case *Merck & Co., Inc. v. U.S. Int'l Trade Comm'n*. As you will see, this case clearly states that a patent subject to a terminal disclaimer will expire <u>immediately</u> upon separation of ownership between it and the patent or application over which the terminal disclaimer was required. It also states that it cannot be "revived or recreated" by a later assignment. This is a holding of the Court of Appeals for the Federal Circuit, which is responsible for interpretation of all United States patent appeals and whose opinions are binding precedent upon all lower federal courts,

4

including the Eastern District of Pennsylvania. This case remains the binding law of the land and has been upheld in multiple federal courts in recent years.

In the present matter, your assignment of the '532 patent to Church & Dwight (attached) without assignment of the '959 patent, in view of your terminal disclaimer (attached) in the prosecution of the '959 patent, caused the '959 patent to immediately expire on February 28, 2011. While you state that you have "reacquired" the '532 patent from Church & Dwight, the above case makes clear, in unambiguous terms, that this later assignment was not capable of reviving, recreating or reactivating the '959 patent. Any attempt to assert the '959 patent is improper, as the patent is irretrievably expired.

I trust that after your review of the attached you will agree that the '959 patent cannot be asserted in good faith in this matter and we will look forward to speedy disposition of the matter.

Sincerely,

**DOUGLAS PANZER | REGISTERED PATENT ATTORNEY | FITZPATRICK LENTZ & BUBBA, P.C.**

4001 Schoolhouse Lane, Center Valley, PA 18034

Tel: (610) 797-9000, ext. 390 | Fax: (610) 797-6663

Administrative Assistant: Stephanie Wentzel, ext. 378

Email| Admin Email| Website | Bio| LinkedIn



***CONFIDENTIALITY NOTICE***This e-mail contains confidential information which is legally privileged and which is only for the use of the intended recipient(s) of this message. If you have received this e-mail inadvertently, you are hereby notified that the forwarding or copying of this e-mail, or the taking of any action in reliance on its contents, is strictly prohibited. Please notify us immediately by reply e-mail and delete this message from your inbox if you have received this message in error. Thank you.



***CONFIDENTIALITY NOTICE***This e-mail contains confidential information which is legally privileged and which is only for the use of the intended recipient(s) of this message. If you have received this e-mail inadvertently, you are hereby notified that the forwarding or copying of this e-mail, or the taking of any action in reliance on its contents, is strictly prohibited. Please notify us immediately by reply e-mail and delete this message from your inbox if you have received this message in error. Thank you.