IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAN SCHANTZ FARM & GREENHOUSES, LLC, | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : NO. 5:2017-cv-00403 |
| DAVID J. CATANZARO | : THE HONORABLE |
| | : JEFFREY L. SCHMEHL |
| Defendant | : |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff fails to establish an Article III case or controversy existed at the time this action

was filed and Defendant's Motion to Dismiss Plaintiff's First Amended Complaint

should be Granted.

**SUPPORTED FACTS**

1. Defendant initiated contact with Plaintiff by telephone on January 11, 2017, at which time

   Defendant stated to Plaintiff that Plaintiff was selling 'Decorative Planter' products that

   Defendant believed had similarities to a patent or patent application 'in possession' by

   Defendant.

2. Defendant emailed to Plaintiff on January 13, 2017, a proposed "Litigation Standstill

   Agreement" (**Exhibit A**).

1

3. Plaintiff's attorney sent a letter to Defendant on 1-18-17 (**Exhibit C**) which in part states: "Due to the intentional omission of material information in your telephone call, email, and the proposed Litigation Standstill  Agreement, they fail to provide any legal notice to DSFG of a colorable claim."

4. After receipt of Plaintiff's counsel's letter, Defendant spoke with Plaintiff's counsel via telephone on January 18, 2017, during which conversation Defendant asked Plaintiff's attorney to reconsider entering into the proposed Litigation Standstill  Agreement.

5. Further during the conversation of 1-18-17 Plaintiff and Defendant entered into an oral agreement or covenant of understanding wherein attorney Douglas Panzer agreed, promised and reassured Defendant that if Defendant provided at a minimum, his full legal name prior to Plaintiff signing said agreement(which Defendant agreed to provide) he (Douglas Panzer) would 'Recommend' to his client to enter into the Litigation Standstill Agreement and 'Respond' to Defendant with a communication confirming  his client's approval or response.

6. **Exhibit E** contains several email correspondences between Defendant and Plaintiff's attorney Douglas Panzer which 'clearly' support the oral agreement or covenant of understanding reached between the parties as outlined in point 5.

7. Within nine days after Defendant and Plaintiff entered into the above stated oral agreement Plaintiff filed this action.

8. Within nine days after receiving Plaintiff's 1-18-17 letter which further states Defendant "fails to provide any legal notice to DSFG of a colorable claim" Plaintiff filed this action.

9. Within Plaintiff's First Amended Complaint, Plaintiff clearly admits that this action was filed based on "Publicly Available Information" and not on direct assertions of specific material facts.

2

## PLAINTIFF CAN NOT PROVIDE ANY OF THE FOLLOWING
## INFORMATION TO ESTABLISH THAT A REAL ARTICLE III CONTROVERSY
## EXISTED AT THE TIME THIS ACTION WAS FILED.

1. Plaintiff cannot provide any written or oral communication from Defendant showing Defendant accused Plaintiff of infringing the Patent in suit, Patent 7653,959 ("the '959 Patent").

2. Plaintiff cannot provide any written or oral communication showing Defendant ever discussed the '959 patent with Plaintiff prior to the filling of this action.

3. Plaintiff cannot provide any written or oral communication showing Defendant identified with 'particularly' the specific decorative planter products that infringed the '959 patent.

4. Plaintiff cannot provide any written or oral communication showing Defendant asked Plaintiff for a payment for infringement of the '959 patent.

5. Plaintiff cannot provide any written or oral communication showing Defendant stated to Plaintiff that Licensing was available for the '959 patent.

6. Plaintiff cannot provide any written or oral communication from Defendant showing Defendant identified, with particularity, the '959 claims alleged to be infringed and the corresponding elements of such product, which allege constitute infringement.

The only evidence and admissions Plaintiff has provided to this honorable court which came from the Defendant prior to the filing of this action, is that Defendant provided Plaintiff a 'Blank' Litigation Standstill Agreement and that Defendant had a conversation with Plaintiff On 1-11-17 wherein Defendant stated that 'Decorative Planter' products had similarities to a patent or patent application 'in possession' by Defendant.

3

## PLAINTIFF ASSERTS THAT THE 'BLANK' LITIGATION
## STANDSTILL AGREEMENT AND DEFENDANT'S CONVERSATION WITH
## PLAINTIFF ON 1-11-17 DOES NOT JUSTIFY A COLORABLE CLAIM RENDERING
## AN ARTICAL III CASE OR CONTROVERSY NON-EXISTENT.

Plaintiff's letter of 1-18-17 (**Exhibit C**) clearly asserts that the blank litigation standstill agreement and Defendant's conversation with Plaintiff on 1-11-17 does not justify a colorable claim rendering an Article III case or controversy non-existent between the parties. With the filling of this action and all its pleadings, Plaintiff tries to 'resurrect' or 'change' the correct position stated in its 1-18-17 letter by utilizing publicly disclosed information about the Defendant and his '959 patent. Plaintiff tries to create a convincing narrative for a controversy under the veil of smoke and mirrors attempting to weave together the publicly disclosed information about the Defendant and his '959 patent, the blank litigation standstill agreement and Defendant's conversation with Plaintiff on 1-11-17. Defendant has faith that this Honorable court will make its ruling based on law and concreate facts and not on arbitrary discretion or Plaintiff's conjecture.

Plaintiff's 1-18-17 letter is the 'corner stone document' that sums up the facts or lack there of with respect to this matter. NO further information as solicited within plaintiff's 1-18-17 letter was ever provided by Defendant to Plaintiff prior to the filing of this action, whereby NO admissions in the factual information solicited by Plaintiff within Plaintiff 1-18-17 letter was ever provided to Planitiff by Defendant to establish a definite controversy at the time of the filling of this action. Plaintiff's attorney makes completely false statements when he currently asserts that during a pbone call on 1-18-17 Defendant "set into motion accusations, demands of payment, identification of the patent in suit, ongoing…"

4

Defendant ask this honorable court to demand Plaintiff provide the above stated documented Evidence or communications as outlined in points 1 through 6 on page 3 of this document to clearly establish that an Article III controversy existed at the time of the filing of this action. To this point, Defendant only provides Publicly Disclosed connect the dots Conjecture along with a blank litigation standstill agreement and Defendant's general conversation with Plaintiff on 1-11-17 to make its case, while all along Plaintiff's 1-18-17 letter asserts there is no Claim based on the same disclosed information. Plaintiff's letter of 1-18-17 clearly establishes that this action was filed frivolously and in Bad Faith by Plaintiff, wherein exemplary damages should be awarded to Defendant.

The party seeking to establish declaratory judgment jurisdiction bears the burden of demonstrating that an Article III case or controversy exists at the time the claim for declaratory relief is filed. Plaintiff has the burden "to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the [claim] was filed." Sierra Applies Scis., Inc. v. Advanced Energy Indus., 363 F.3d 1361, 1373 (Fed. Cir. 2004) (citing Int'l Med. Prosthetics Research Assocs., Inc. v. Gore Enters. Holdings, Inc., 787 F.2d 572, 575 (Fed. Cir. 1986)).

"Federal declaratory judgment is not a prize to the winner of a race to the courthouse." (Federal Insurance Co. v. May Department Stores, 808 F. Supp. 347, 350 (S.D.N.Y. 1992).

Further in response to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff desperately tries to show similarities between this action and 3M Co. v. Avery Dennison Corp. Any and all similarities are DENIED by Defendant as follows:

5

1. In the 3M case the Defendant identified the 'Specific' Patents at issue. In this action Defendant never identified the patent at suit as the infringed patent (the '959 patent).

2. In the 3M case the Defendant identified the 'Specific' products that infringed the 'Specific' Patents at issue . In this action Defendant never identified a 'Specific' product that infringed let alone a 'Specific' product that infringed the '959 patent.

3. In the 3M case the Defendant stated that licenses were available. In this action Defendant never once stated that licenses were available for any patent.

4. In the 3M case the Defendant had a history of enforcing its patent rights against 3M. In this action Defendant does not have a history to enforce patent rights against Plaintiff.

It should be noted that in *In Cisco Systems, Inc. v. Sprint Communications Co.*, LP, Case No. 15-431-SLR (D. Del. Feb. 2016). Declaratory Judgment Action was Dismissed when Cisco Could Not Show Case or Controversy Based on Suits Against Customers and Aggressive Litigation and Licensing Tactics

Defendant DENIES the assertions contained in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. Defendant further DENIES any assertion by Plaintiff that Defendant ever demanded a royalty payment for the infringement of the '959 patent. Defendant further DENIES the substance and characterization of the brief conversation made after this action was filed, by Defendant and a DSF&G receptionist as contained in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint page 10

All of the facts presented by Defendant are clear and convincing that Plaintiff fails to establish an Article III case or controversy existed at the time this action was filed and Defendant's Motion to Dismiss Plaintiff's First Amended Complaint should be Granted.

6

## This action has been filed in Bad Faith and exemplary damages should be awarded

## To Defendant.

Defendant and Plaintiff's attorney Douglas Panzer entered into an oral agreement or covenant of understanding during the conversation of 1-18-17, wherein Mr. Panzer agreed, promised and reassured Defendant he was going to 'recommend' to his client to enter into the Litigation Standstill Agreement provided by Defendant and then 'respond' back to Defendant with his clients response. In return, Defendant agreed he would provide his full legal name prior to Plaintiff signing said agreement, then after the agreement was signed, Defendant would provide all relevant information. Plantiff's Attorney never Recommended entering the LSA to his Client or Responded to Defendant regarding the outcome of which Defendant Relied on. To further add insult to injury, Plaintiff's own letter of 1-18-17 asserts there is 'no Claim' against Defendant based on the same disclosed information Plaintiff is now using to establish it claim against Defendant. Id this does not constitute a premediated showing of Bad Faith and Contempt for Defendant and this court, I not sure if anything could rise to a Bad Faith showing.

Mr. Panzer is an officer of the court and has blatantly lied about recommending to his client to move forward with the litigation standstill agreement and then responding back to Defendant with respect to his client entering into said agreement while all along preparing and filling this frivols action. Mr. Panzer's 'intent to deceive behavior' constitutes a very strong showing of 'Bad Faith' which is completely adverse with the Rules of Professional Conduct and Rules of Civility. As an officer of the court, Mr. Panzer has also demonstrated complete contempt toward Defendant as a result of his malicious, grossly reckless actions and conduct. (Defendant again refers to the emails in **Exhibit E** to support the oral agreement or covenant between the parties.)

7

## CONCLUSION

For the forging reasons, and for the reasons already pleaded, Defendant David J. Catanzaro respectfully requests dismissal of Plaintiff's First Amended Complaint and asks this honorable court for exemplary damages.


Respectfully submitted,                          Dated: May 19, 2017


*s/ David J. Catanzaro*
David J. Catanzaro
Defendent *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 282-4889
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David Catanzaro, hereby certify that a true and correct copy of the forgoing Defendant's

Response in Opposition to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss

Plaintiff's First Amended Complaint was sent by First Class Mail to the United States District

Court for the Eastern District of Pennsylvania and served via First Class Mail upon Plaintiff this

19th day of May 2017 to the following person:

DAN SCHANTZ FARM &
GREENHOUSES, LLC
c/o DOUGLAS PANZER
FITZPATRICK LENTZ & BUBBA
4001 Schoolhouse Lane
Center Valley, PA 18034

*s/ David J. Catanzaro*
David J. Catanzaro

# Exhibit A

## LITIGATION STANDSTILL AGREEMENT

This Litigation Standstill Agreement ("Agreement") is entered into and effective as of January 13, 2017 ("Effective Date") by and between Dan Schantz Farm & Greenhouses, LLC ("DSFG"), having a principle place of business at 8025 Spinnerstown Road, Zionsville, PA 18092 and _____, Patent Owner ("Owner") having a principle place of business at _____ (hereinafter sometimes individually referred to as "Party" and collectively referred to as the "Parties").

### Recitals

A.     Whereas Owner has evidence that Owner asserts establishes that DSFG infringed his patent (patent no. _____, the "Patent") with one or more products;

B.     Whereas DSFG denies infringing Owner's patent

C.     Whereas Owner and DSFG desire to have full and frank discussions regarding Owner's claim prior to the commencement of patent infringement litigation to avoid such litigation if possible ("Discussions");

D.     Whereas Owner and DSFG desire to preserve the litigation *status quo* for a short period of time to enable such Discussions;

### Now therefore the Parties agree as follows:

1.     In consideration for the mutual promises set forth herein, Owner and DSFG agree to a discussion period from the Effective Date of this Agreement through and including March 13, 2017 ("Discussion Period").

2.     DSFG agrees that it will not file any action against Owner's Patent or file any lawsuit against Owner for declaratory relief or otherwise until fourteen (14) calendar days after the expiration of the Discussion Period.

3.     Owner in consideration for DSFG agreeing to the Discussion Period, agrees that Owner will not file any lawsuit against DSFG for patent infringement or otherwise until seven (7) calendar days after the expiration of the Discussion Period.

4.     The Parties agree that the making of this Agreement shall not be used by either party for purposes of establishing venue or jurisdiction in the event the Parties are unable to resolve their differences without litigation.

5.     DSFG agrees that during the Discussion Period, and prior to any active lawsuit, it will not disclose the Patent, the Patent number, licenses and the name of Owner/inventor to any third party, other than its financial and legal advisors.

7.      The Parties hereby agree that this Agreement shall constitute, for the Party breaching this Agreement, a Stipulation for Dismissal Without Prejudice for any action filed in violation of this Agreement.

8.      This Agreement shall be governed by Pennsylvania law without regard to its conflict of law principles.

9.      This Agreement shall constitute the entire understanding between the Parties and supersede, according to their terms, all prior-understandings, whether oral or written, of the Parties hereto relating to the subject matter herein and cannot be changed or terminated orally.

10.     The Parties shall execute any such other documents as may be reasonably required or as may reasonably be necessary to effectuate any other requirement or agreement herein.

11.     This Agreement may be executed in several counterparts, each of which shall be deemed an original.

12.     Execution of this Agreement may be effected by facsimile, pdf or other electronic transmission.

Dan Schantz Farm & Greenhouses, LLC:

Signature: _____        Date: _____

Printed Name: _____

Title: _____

Patent Owner

Signature: _____        Date: _____

Printed Name: _____

2 of 2

# Exhibit C



FITZPATRICK LENTZ & BUBBA, P.C. · 4001 SCHOOLHOUSE LANE· PO BOX 219· CENTER VALLEY, PA 18034-0219
STABLER CORPORATE CENTER · PHONE: 610-797-9000 · FAX: 610-797-6663 · WWW.FLBLAW.COM

Edward J. Lentz

Joseph A. Fitzpatrick, Jr.

Joseph A. Bubba

Timothy D. Charlesworth

Douglas J. Smillie*

Emil W. Kantra II

Joseph S. D'Amico, Jr.*

Michael R. Nesfeder

Catherine E. N. Durso

Jane P. Long

Erich J. Schock

James A. Bartholomew

Jacob M. Sitman*

Steven T. Boell

Joshua A. Gildea

Marie K. McConnell*

Anthony S. Rachuba, IV*

Karl H. Kline

Thomas J. Schlegel*

Barbara Zicherman†

Maraleen D. Shields

Abigail H. Martin

Colin J. Keefe†

Gretchen L. Geisser*

Kenneth R. Charette*

Mallory J. Sweeney*

Veronica H. DeAngelo

John A. Weiss

Peter E. Iono

† Also admitted in New York
* Also admitted in New Jersey
# Registered Patent Attorney

James G. Kellar
1927-2002

Douglas Panzer* #
Of Counsel
Intellectual Property Law

Albertina D. Lombardi*
Kathleen M. Mills
Of Counsel

E-mail:  dpanzer@flblaw.com
Direct Dial:  610-797-9000 ext 390

**January 18, 2017**

**VIA EMAIL (davemts1213@gmail.com)**
"David"

### RE: Alleged Patent Infringement

Dear Sir:

This firm represents Dan Schantz Farm & Greenhouses, LLC ("DSFG").  DSFG has informed us that you contacted them by telephone on January 11, 2017, alleging that certain decorative planters sold by DSFG infringe a patent.  We are also in receipt of a proposed "Litigation Standstill Agreement" that you delivered to DSFG by email on January 13, 2017, which purports to propose negotiations related to such allegation.  Through your telephone call, email, and by the substance of the proposed agreement, however, you have expressly declined to identify yourself, any patent or patent application, any rights holder of a patent or patent application, or any features you allege to be claimed in any such patent or patent application.

Due to the intentional omission of material information in your telephone call, email, and the proposed Litigation Standstill Agreement, they fail to provide any legal notice to DSFG of a colorable claim.  Furthermore, these communications are insufficient to permit DSFG to evaluate your allegation, or to properly consider or agree to the terms of your Litigation Standstill Agreement.  Should you desire to discuss this matter further, you must:

1) Identify a valid United States patent you claim to be infringed or patent application that you claim would be infringed if issued;

2) Identify, with particularity, the products you allege to infringe such patent;



FITZPATRICK LENTZ & BUBBA
ATTORNEYS AT LAW

January 18, 2017
Page 2

3) Identify, with particularity, the claims you allege to be infringed and the corresponding elements of such product, which you allege constitute infringement;

4) Identify the true party in interest of your alleged claims; and

5) Specify your relationship to the true party in interest.

   Absent the above information, DSFG does not have proper legal notice of any claim of infringement or a reasonable ability to evaluate your statements, claims, or proposal. Unless we receive this information by Friday, January 27, 2017, we will consider this matter closed.

Very truly yours,

Douglas Panzer

# Exhibit E

 Gmail                                         **David mts <davemts1213@gmail.com>**

## Dan Schantz Farm & Greenhouses, LLC

**David mts <davemts1213@gmail.com>**                                    Mon, Jan 23, 2017 at 11:29 AM
To: Douglas Panzer <dpanzer@flblaw.com>

Douglas,

Several days have passed since our phone communication, at this time has your client reconsidered moving forward
with the standstill agreement?

Thanks,
David
[Quoted text hidden]

 Gmail

**David mts <davemts1213@gmail.com>**

## Dan Schantz Farm & Greenhouses, LLC

**Douglas Panzer <dpanzer@flblaw.com>**
To: David mts <davemts1213@gmail.com>

Mon, Jan 23, 2017 at 12:23 PM

We are discussing the matter and will be back to you shortly.


**From:** David mts [mailto:davemts1213@gmail.com]
**Sent:** Monday, January 23, 2017 11:30 AM
**To:** Douglas Panzer <dpanzer@flblaw.com>
**Subject:** Fwd: Dan Schantz Farm & Greenhouses, LLC

[Quoted text hidden]
[Quoted text hidden]

 Gmail                                          **David mts <davemts1213@gmail.com>**

## Dan Schantz Farm & Greenhouses, LLC

**David mts** <davemts1213@gmail.com>                    Wed, Jan 25, 2017 at 11:51 AM
To: Douglas Panzer <dpanzer@flblaw.com>

Douglas,

Please provide me with an update today.

Thanks,
David
[Quoted text hidden]

 **Gmail**                                    **David mts <davemts1213@gmail.com>**

## Dan Schantz Farm & Greenhouses, LLC

**Douglas Panzer** <dpanzer@flblaw.com>                          Wed, Jan 25, 2017 at 6:01 PM
To: David mts <davemts1213@gmail.com>

As you may know, Dan Schantz had a serious fire earlier this month that caused major damage and disruption. I will
have a substantive response for you as soon as possible.


**From:** David mts [mailto:davemts1213@gmail.com]
**Sent:** Wednesday, January 25, 2017 11:51 AM
**To:** Douglas Panzer <dpanzer@flblaw.com>

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

 Gmail

**David mts <davemts1213@gmail.com>**

## Dan Schantz Farm & Greenhouses, LLC

**David mts <davemts1213@gmail.com>**
To: Douglas Panzer <dpanzer@flblaw.com>

Mon, Jan 30, 2017 at 2:26 PM

Douglas,

Per the phone message I recently left.

I was not aware of the Fire.

As far as I understand from our conversation, you are making the decision as to weather or not your client will be signing the stand still agreement along with reviewing the materials and providing your recommendation.

Please let me know what time you are available to speak today.

Thanks,
David


[Quoted text hidden]

 **Gmail**

David mts <davemts1213@gmail.com>

---

## Dan Schantz Farm & Greenhouses, LLC

---

**David mts** <davemts1213@gmail.com>                         Wed, Feb 1, 2017 at 11:45 AM
To: Douglas Panzer <dpanzer@flblaw.com>

Douglas,

At this time,  please provide me with an update per your client entering into the standstill agreement.

Thanks,
David
[Quoted text hidden]